SAMUEL L. BURRETT, APPELLANT, VS. MARIA DOGGETT, APPELLEE.

1. When in an action for use and occupation, the lot, square, town and county where the premises are situated, are set out in the declaration; *Held first:* that this was a matter of discription and must be proved as laid ; *Second :* that it was unnecessary to have alleged any location of the premises ; *Third :* that if it had appeared to have been the intention of the plaintiff to have made the averment of the place where the premises were situated, refer to the venue, or if it was doubtful, whether the design was to make the averment matter of discription or matter of venue, it would be considered as venue, in order to prevent a failure of recovery, because of the unnecessary averment, but when there is no such doubt, the averment must be considered as matter of description and must be proved as laid.

4. All averments in a declaration which need not be made, or proved when made, may be stricken out or disregarded in the proof, except when they touch the identity of that which is necessary to be proved. When they go to fix the adentity, they become matters of description and must be proved as laid.

Appeal from a judgment of Duval Circuit Court. For the facts in the case, reference is made to the opinion of the Court.

*McQueen McIntosh,* for Appellant.

*Philip Fraser and Felix Livingston,* for Appellee.

Hon. T. F. King, Judge of the Southern Circuit (who sat in this case in place of Douglas, J., disqualified,) delivered the opinion of the Court.

The appeal, in this case, is from a judgment rendered in the Circuit Court of Duval county, in which Maria Doggett was plaintiff and Samuel L. Burritt defendant. The declaration contains two counts, the first for use and occupation, and the second for an account stated. The first alleges the use and occupation, by the defendant, "of a certain messuage, tenement and premises, situated on a certain lot in the town of Jacksonville, in the county of Duval, State of Florida, and known on the plan of said town as lot number six, in square number one, with appurtenances." Accompaning the declaration is an account with two items, the first charging indebtedness by the defendant to the plaintiff, for rent of house used as an office, May 1st., 1847," and the second, " for rent of same from 1st. May, 1847, to 19th. May, 1849." The pleas are the general issue and the statute of limitations. The facts, according to the statement agreed upon by the attorneys of the parties, are as follows : " that the amount of the rent rendered in the verdict, was proved to be due for rent of a house in the town of Jacksonville, but that the further description of lot number six, in square number one, in said town, was not proved, there being no evidence on that point."

At the trial, the defendant's counsel asked for this in-

struction to the jury, "that if there is no proof that the house for which rent is claimed, is situated on a lot in the town of Jacksonville, known on the plat of said town as lot number six, in square number one, the plaintiff is not entitled to recover."

This instruction the Court refused, but gave the following : " If, from the evidence, you find that the defendant has rented and occupied a house of the said plaintiff, at any time during the said five years, then the said plaintiff is entitled to recover such rent as you may find due and owing, under the evidence."

To this ruling, the defendant's counsel excepted, and, after verdict for the plaintiff, moved for a new trial, on the ground that the Court erred in its ruling. This motion was refused and an appeal taken.

No error is assigned, and no objection is made in this Court to that part of the instruction given, which relates to the plea of the statute of limitations, and the only question we are to determine, is the propriety of the ruling, as to the quantity of proof necessary to sustain the statement in the declaration, describing the property for the use and occupation of which a recovery is sought. The usual form of statement in such actions, is " a certain messuage, tenement and premises, with the appurtenances," 2 Ch. Pl. 40, which seems to be sufficiently specified, for it is well settled that the action of assumpsit for use and occupation will lie. It is, therefore, transitory, and may be brought against a defendant residing in any other county or State, than that in which the messuage is situated, as well as any other action in assumpsit. Damages are sought for a breach of promise, and the description of the property for the use

of which payment is demanded, need be no more particular than the usual form of " goods, wares and merchandize," in a count for goods sold, for in either case it makes no difference where the cause of action arose, or for what house or goods payment is claimed.   But though this generality in form is sufficient, yet in a suit for use and occupation, a bill of particulars may be called for, and the property must be identified in it, with as much certainty as the various articles specified in a bill attached to a count for goods sold.   In this case no bill of particulars was required, for the defendant was as fully informed by the declaration of the property, on account of which he was sued, as he would have been by any specification in a bill of particulars.— The county, the town in the county, the square in the town and the lot in the square on which the messuage was located, as known in the plan of the town, are all set out.

The testimony goes so far as to prove that the messuage was situated in the town of Jacksonville, without showing the square or lot.   The plaintiff insists, however, that all of the statements in the declaration as to the location of the premises, is immaterial and superfluous, and consequently it was not necessary to prove it, and that proof of the use and occupation, by the defendant, of a house belonging to her, at any place whatever, is sufficient to entitle her to a recovery. It is also contended that the description of the premises may be referred to the venue and considered as part of it.   In regard to the latter position, we will observe that if it appeared to be the design in the declaration to make the description refer to the venue, or if it was doubtful, whether it was the intention to make the statement matter of description or matter of venue, the a-

verment would be considered as venue, in order to prevent a failure of recovery, merely because of the presence of unnecessary statements. There is nothing, however, to create the impression that such was the design. There is no doubt from the plain reading of the declaration, that the intention of the plaintiff was to specify the identical house, for the occupation of which she claimed rent. No clearer terms could have been used to express such a purpose. It is not only alleged that the premises were located in the county of Duval, and the town of Jacksonville, the only designation that can be construed as referring to the venue, but the very square and lot on which they were situated, are pointed out. The object seems to have been to leave no room for doubt with the defendant, as to the house for which he was called upon to pay rent.

We cannot, therefore, consider the averment of the location of the premises as referable to the venue, and the question next arises, was it necessary to have enabled the plaintiff to recover, for her to have proved the unnecessary allegation that the house was on the lot and square specified in the declaration, or was the proof of any messuage whatever belonging to her, sufficient?

A division of the averments contained in pleadings, is into matters of substance and matters of description, which require different degrees of evidence to sustain them. The former may be substantially proved, but the latter must be strictly proved, and in some cases with literal precision. Allegations fixing the identity of that which is legally essential to the claim, can never be rejected. 1 Greenleaf, Ev. p. 126. Purcell vs. Macnamara, 9 East, 160. This case, in East furnishes an example of matters of substance, and

the proof required for them. The defendant was sued in an action on the case for malicious prosecution. The plaintiff alleged in his declaration that he was acquitted at a certain term of the Court, when it appeared from the record that he was acquitted at another term. The variance was held to be immaterial, because the time when the judgment was rendered, was not laid in the declaration as part of the description of the record of acquittal. A similar case is that of Stoddard vs. Palmer, 3 Barn. and Cres. 2, where a Sheriff was sued for a false return to a fieri facias. The declaration stated that the judgment on which the writ issued, was rendered at one term, when the record showed a different term, and this was held no variance. In these cases, it was regarded as immaterial whether the judgment passed at the term mentioned in the declaration or not, because the suit was not brought upon the judgment. The reference to the judgment was only inducement to the principal matter, which in the one case was the acquittal of the plaintiff before he commenced his action, and in the other, the false return. Therefore the statement of the term of which it was rendered was superfluous, and no proof was necessary. But if the judgment had been the subject matter of the suit, it would have become the principal matter, and must have been proved precisely as laid in the declaration. The statement of the time of its rendition, would then have been descriptive of the identity of that which it was essential for the plaintiff to prove, and if it had not been proved exactly as set out in the declaration, the variance would have been fatal. Another case illustrating the rule as to matters of substance, is that of

43

Bowles vs. Miller, 3 Taunt., 137, where an action was brought for an injury to the plantiff's residuary interest in land, and he alleged that the close, when injured, was and "continually from thence hitherto, hath been and still is " in the possession of a third person. This latter part of the averment was held superfluous and not necessary to be proved. It might as well have been stricken out, for it did not affect the claim either by adding matter of substance or description.

Other cases in the books show the degree of proof required in averments of descriptions. Cudlip vs. Rundle, Carth. 202, was an action by a lessor against his tenant for negligence, &c. A demise of seventy years was alleged, when the proof was of a tenancy at will. The variance was held to be fatal. It was requisite to have alleged some tenancy, and one generally was sufficient, yet the plaintiff having unnecessarily identified it by describing the precise term, he was bound to prove it as laid.— Another case is that of justification in taking cattle damage feasant, Dyer, 365, where the allegation of a general freehold title was sufficient, but the defendant without any necessity for it, alleged a seisin in fee, he was held to the proof of a seisin in fee, because it was descriptive and limiting that which it was necessary for him to aver and prove, to wit: a freehold title. In Savage vs. Smith, 2 W. B., 1101, an officer was sued for extorting illegal fees on a fieri facias. Here it was required to allege only the issue of the writ, but the judgment on which it was founded, was also set out. The plaintiff was

required to prove the judgment as he had stated it, because it particularized the principal thing, the fieri faceas.

The rule extracted from these and other cases in the authorities, upon the subject of variance, is that all averments in a declaration, which need not be made or proved, when made, in order to entitle the plaintiff to recover, may be stricken out or disregarded in the proofs, except when they touch the identity of that which is necessary to be proved. When they go to fix the identity, they become matters of description and must be proved precisely as laid. The object for which the rule is established is to effect the same purpose as a declaration, that is, to warn the defendant of the claim or charge which is sought to be made out against him, and to enable him to plead the judgment in bar of a second suit, for the same thing. We think the rule is sound and well calculated to effect the end of justice. It looks to the same purpose with that intended by the rules of special pleading, which we have adopted, that is, to make the one party fully informed of the demand against him, and the other of the defence he is to meet, so that neither may be surprised or unarmed in the contest which is about to ensue.

How does the rule bear on the case before us? The plaintiff alleges the use and occupation by the defendant of a "messuage, tenement and premises," but not stopping here, she makes the further unnecessary averment, that the messuage, &c., were situated on a particular lot and square in the town of Jacksonville, and County of Duval, thereby pointing out with as much precision as possible, the particular messuage, for the use of which she sues. This averment goes to fix the idenity of that which was before aver-

red, and which it was necessary to aver and prove, to-wit a messuage belonging to her, and thus it becomes matter of description and falls within the rule. The situation of the premises as described in the declaration should have been proved, or else the verdict should have been for the defendant.

A bill of particulars could not have been required in this case, as the identity of the house, was already by the terms used in the count as apparent as any words could have made it. But if the averment had been in the general terms used in such actions, "messuage and appurtenances" only, and the defendant had called for a bill of particulars, to which he would have been entitled, and the specification of the property had been the same as in the body of this declaration, she could have no more recovered for the rent of another house, than she could have recovered for other goods, than those specified in the items of a bill of particulars, attached to a common count for goods sold.

It is with much reluctance that we feel constrained to reverse the judgment in this cause. It is hard upon a plaintiff to be defeated or delayed in collecting a claim, which from the evidence and the finding of a jury, appears to be just, on account of inadvertence arising probably from the hurry and excitement of a trial at nisi prius. But satisfied as we are, that the rule of evidence as we have laid it down, has been long established, and that a departure from it, might prove injurious, by unsettling forms of pleading and rules of evidence well known and commonly used, we cannot direct a shorter course by which the plaintiff may obtain her claim than a new trial.

Burrett *vs.* Doggett.---Opinion of Court.

Let the judgment be reversed and a new trial awarded and the cause remanded for further proceedings, not inconsistent with this opinion.