COMMONWEALTH *vs.* JAMES McLAUGHLIN.

An indictment charging larceny of property of a wife may be sustained under the Gen. Sts. *c.* 172, § 12, by proof of larceny of property of her husband in her possession.

INDICTMENT for larceny of bank bills and a pocket-book, " of the property, goods and chattels and moneys of one Bridget Dolan," from her person.

At the trial in the superior court, before *Devens,* J., Bridget Dolan testified that, on the day when the money was stolen, she was a married woman, living with her husband; that the money was his earnings; and that it was stolen from her at an auction of some furniture, to which she had gone, taking it with her with the intention of making purchases, and at which her husband was not present. The defendant contended " that the property should have been laid as the husband's property, and asked the discharge of the defendant on the ground of a variance;" but the judge ruled to the contrary. The defendant was found guilty, and alleged exceptions.

*C. H. Hudson,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

MORTON, J. This case is within the provisions of the Gen. Sts. *c.* 172, § 12.* It was proved at the trial, that, at the time

* " In the prosecution of offences in relation to or affecting real or personal estate, it shall be sufficient, and shall not be deemed a variance, if it is proved

when the offence was committed, the property stolen was in the actual possession of the person alleged to be the owner.

The case of *Commonwealth* v. *Williams*, 7 Gray, 337, merely decides that an indictment is good, which, in a case like this one, alleges the property to be in the husband. But under the statute above cited it is also sufficient to allege the property to be in the wife from whose actual possession it was stolen.

In *Commonwealth* v. *Davis*, 9 Cush. 283, cited by the defendant, the indictment was for cheating by false pretences. This not being one of the offences enumerated in Rev. Sts. *c.* 133, § 11, the common law rule applied to it, and it was necessary to allege the property to be in the husband. It is not therefore inconsistent with this case.

. It may be observed, though not affecting the decision, that the provisions of the Gen. Sts. *c.* 172, § 12, are broader than the corresponding provisions of the Revised Statutes above referred to, extending the rule as to a variance to all offences in relation to or affecting personal estate. *Exceptions overruled.*

---

on the trial, that, at the time when the offence was committed, either the actual or constructive possession, or the general or special property, in the whole or any part of such real or personal estate, was in the person or community alleged to be the owner thereof."