## COMMONWEALTH *vs.* EDWARD J. SULLIVAN.

Distinct larcenies may be presented in different counts of one indictment; and whether the Commonwealth shall elect between them is within the discretion of the judge presiding at the trial.

The stealing by one taking of several articles belonging to different persons may be indicted either as one crime or as several crimes.

Under the Gen. Sts. c. 172, § 12, an indictment for larceny may allege the property in the stolen goods to have been in a consignee to whom they were in course of transportation by a carrier when they were stolen, whether the carrier was designated by him or not.

INDICTMENT for larceny. One count charged the stealing of goods, the property of James M. Longstreet; and another count, the stealing of goods, the property of Henry O. Ford.

At the trial in the superior court, before *Pitman*, J., Longstreet testified that he ordered from the manufacturers goods described in the first count, to be consigned to him for sale and to be sent to him through the American Union Express Company; and Ford testified that he ordered from other manufacturers goods described in the second count, to be sent to him. The defendant objected to the admission of this evidence; but the judge admitted it.

It appeared that the defendant took all the goods from the express wagon at the same time by one act and one taking; but that the goods were in different places in the wagon, belonged to different owners, and were differently marked. The defendant

asked the judge to rule that the Commonwealth must elect and were entitled to a verdict on one count only; but the judge refused so to rule.

The defendant contended that there was no sufficient proof of ownership to warrant a conviction on either of the counts; but the judge instructed the jury that " the counts were sustained, if the jury believed the evidence of Longstreet and Ford, as far as the averment of ownership was concerned; and that if the jury were satisfied that the defendant feloniously took and carried away the articles alleged to have·been stolen, they should render a verdict of guilty on both counts." The jury returned such a verdict, and the defendant alleged exceptions.

*C. H. Hudson,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

GRAY, J. 1. Distinct larcenies may be presented·in different counts of one indictment; and whether the district attorney shall be ordered to elect between them is within the discretion of the presiding judge and not a subject of exception. *Commonwealth* v. *Hills,* 10 Cush. 530. *Commonwealth* v. *Cain,* 102 Mass. 487.

2. The stealing at the same time and by one taking of several articles belonging to different persons is larceny of the whole and of each article ; and may be indicted either in one aspect or the other — as one entire crime, or as several distinct offences. If indictments or counts for one taking of several articles are unreasonably multiplied, the court, in superintending the course of trial and in passing sentence, will see that justice is done and oppression prevented. 1 Hale P. C. 531. 2 Stark. Crim. Pl. (2d ed.) 451 note. *Regina* v. *Brettel,* Car. & M. 609. *Regina* v. *Giddins,* Ib. 634. *Commonwealth* v. *Andrews,* 2 Mass. 409, 413. *Commonwealth* v. *Butterick,* 100 Mass. 1. *State* v. *Thurs-.on,* 2 M'Mullan, 382.

3. By the Gen. Sts. *c.* 172, § 13, it is sufficient to prove either the actual or constructive possession, or the general or special property, in stolen goods, to have been in the person alleged in the indictment to have been the owner thereof. A delivery to a common carrier is a delivery to the consignee, in the ab-

sence of any agreement to the contrary, whether the carrier is or is not designated by the consignee. *Merchant* v. *Chapman*, 4 Allen, 362. *Kline* v. *Baker*, 99 Mass. 253. The testimony of Longstreet and Ford that certain goods were sent through a carrier to them respectively was therefore sufficient evidence that the goods while in the hands of the carrier were in the constructive possession of the respective consignees; and was rightly submitted to the jury in support of the counts severally charging larceny of their property.          *Exceptions overruled*