COMMONWEALTH *vs.* EDWARD DAILEY.

On an indictment for breaking and entering the building of J. S., occupied by him as a dwelling-house, it is, under the Gen. Sts. *c.* 172, § 12, not a variance, if J. S. hired the house and was liable for the rent, and it was occupied by his family, although he left it and deserted his family before the alleged offence.

INDICTMENT for breaking and entering in the night time, " the building of one John P. Ford," in Lynn, " the said building being then and there occupied by said Ford as a dwelling-house," with the intent to commit larceny therein.

At the trial at October term 1872 of the Superior Court, before *Putnam*, J., Frances Ford testified that she was the wife of John P. Ford, and lived with him and his two children; that he hired the building in which they lived of one Nowland, as his tenant; that about two weeks before the burglary, which was in August, 1872, he left her, saying that he was going away to get work, and had not returned; that she had not seen or heard from him since; that she never paid any rent herself for the building

before or since he left; and that she left it very soon after the burglary.

The defendant asked the judge, upon this evidence, which was all there was upon this point, to instruct the jury that if they found that John P. Ford left the house and absolutely deserted his family two weeks before the time of the alleged burglary, then the house was not in law the house of John P. Ford. The judge declined so to instruct the jury, and instructed them that upon the testimony of Frances Ford, if they believed it, the house was the house of John P. Ford, at the time of the burglary, within the meaning of the indictment.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*A. F. L. Norris,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

By the Court. The husband, being the lessee of the property and liable to his lessor for the rent, had at least the constructive possession of the tenement, even if the occupation thereof by his wife and family did not amount to an actual possession in his behalf. Either was sufficient, under the Gen. Sts. *c.* 172, § 12,* to support the indictment. *Exceptions overruled.*

---

* "In the prosecution of offences in relation to or affecting real or personal estate, it shall be sufficient, and shall not be deemed a variance, if it is proved on the trial that at the time when the offence was committed, either the actual or constructive possession, or the general or special property, in the whole or any part of such real or personal estate, was in the person or community alleged to be the owner thereof."