## COMMONWEALTH vs. PHILIP GOLDSTEIN.

An indictment under Gen. Sts. c. 161, § 7, alleging that the defendant, at a time and place named, burned certain goods, "being then and there insured" in a corporation "theretofore duly established," sufficiently alleges an insurance by a corporation legally existing and bound by the policy at the time of the fire.

In a prosecution under Gen. Sts. c. 161, § 7, for burning property with intent to injure the insurer, it is not necessary to allege or to prove that the insurer, a corporation established by the laws of another state, has complied with the requirements of Gen. Sts. c. 58, §§ 66–78, relating to foreign insurance companies, as by § 72 the contract of insurance is valid notwithstanding a non-compliance.

An indictment alleging that the defendant on a day named burned certain articles of merchandise, separately specified in the indictment, charges a single act of burning and not as many separate acts as there are different articles named.

In an indictment under Gen. Sts. c. 161, § 7, for burning property with intent to injure the insurer, it is not necessary to set forth the policy according to its tenor; and an allegation of an intent to injure the insurer is a sufficient allegation of the defendant's knowledge that the property was insured.

A copy of a material paper is admissible in evidence against one who having the original in his possession fails to produce it on notice.

An indictment under Gen. Sts. c. 161, § 7, for burning property with intent to injure the insurer, alleged the property burned to be the property of the defendant. The proof was that it was the property of a partnership of which he was a member. *Held*, that by force of Gen. Sts. c. 172, § 12, relating to the proof necessary to sustain such an allegation, there was no variance.

Though different insurers may have issued policies upon the same articles of property, the burning of the property by a single act with intent to injure the insurers is, under Gen. Sts. c. 161, § 7, but a single crime.

INDICTMENT under Gen. Sts. c. 161, § 7, containing five counts, and alleging in the first count that the defendant and Jacob Davis, March 29, 1873, at Boston, "with force and arms, unlawfully, wilfully and feloniously did set fire to and burn" certain jackets, under-shirts, drawers, towels, clouds, stockings, handkerchiefs, gloves, brushes and collars, of the property, goods and chattels of the said Philip, "being then and there insured against loss and damage by fire in the sum and to the amount of fifteen hundred dollars in and by the Eastern Insurance Company, a corporation theretofore duly established under the laws of the State of Maine, with the intent then and there and thereby to injure and defraud the said Eastern Insurance Company; against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

The second count was in all respects like the first except that it alleged an insurance by the Union Insurance Company, also established by the laws of Maine, and an intent to defraud that company.

The defendant was acquitted upon the third and fourth counts, and as to the fifth count the attorney for the Commonwealth said he would no further prosecute.

The defendant filed a motion to quash the indictment, because it contained no sufficient allegation that the goods were legally insured under the laws of this Commonwealth, and because it contained no sufficient allegation of an intent to injure the insurance companies. This motion was overruled and the defendant excepted.

At the trial in the Superior Court, before *Dewey*, J., the defendant was duly notified to produce the original policies of insurance; but not having produced them, the government, to prove their contents, offered two insurance brokers as witnesses, who testified, against the defendant's objection, that certain papers produced by them were exact copies of the original policies. By these copies it appeared that the goods of Davis & Company, in store No. 813 Washington Street, were insured, and it was proved the defendant and Davis carried on business under that name.

Evidence was introduced showing that the insurance companies were acting under their charters, and in the exercise of their privileges thereunder in this state, at the time of the issue of the policies and of the fire.

The evidence proved that the goods in that store on the day alleged were burned in part; that they were the goods of Davis & Company, and that the defendant was a member of the firm; but there was no evidence that the defendant individually owned any of the goods, or that any goods of his separate property were burned at the time alleged, or that there was any insurance upon his separate property.

The defendant requested the court to instruct the jury:

" 1. That the government had failed to prove that the goods burned were at the time legally insured, according to the law of

Massachusetts, by each of the companies named in the indict-ment and as alleged.

" 2. That all of said goods were the sole property of Philip Goldstein, as alleged.

" 3. That proof of the insurance, by said companies, of the goods of Davis & Company, or that the goods were the property of Davis & Company, is a variance, and the defendant cannot be convicted by such proof.

" 4. That the defendant cannot be convicted upon either count, by reason of variance.

" 5. That as the burning was but one act, the defendant can-not be convicted of more than one count or offence.

" 6. That the government must prove that the goods burned then and there were the property of Philip Goldstein, and that they were then and there insured as such, under a contract or policy in force, and by the corporations, as alleged in each count.

" 7. That the government have failed to prove by any legal or sufficient evidence the material allegations made in any and all of the counts in said indictment, and that the defendant must be acquitted."

The court did not give these instructions, but instructed the jury that in order to convict the defendant they must be satisfied beyond a reasonable doubt that he unlawfully and wilfully set fire to the property specified in the several counts ; that at that time the same was the property of a firm, known as Davis & Company ; that the defendant was a member of the firm to whom the property belonged ; that the goods were insured in companies duly chartered, as stated in the different counts ; and that the companies were, at the time of the issuing of the policies and at the time of the fire, acting under their charters and in the exercise of their privileges thereunder in this state. That in order to authorize a conviction under any count, the jury must be satisfied that the property therein specified was insured in the insurance company named in that count, and that the defendant set fire to it with intent to defraud that insurance company.

The defendant, having been convicted on the first two counts, alleged exceptions.

*J. H. Bradley*, for the defendant.

*C. R. Train*, Attorney General, *&* *W. G. Colburn*, Assistant Attorney General, for the Commonwealth.

MORTON, J. The defendant's motion to quash the indictment was properly overruled.

The first count alleges that the defendants Philip Goldstein and Jacob Davis at Boston, on the twenty-ninth day of March, 1873, " unlawfully, wilfully and feloniously did set fire to and burn " certain personal property described, of the property, goods and chattels of the said Philip, said personal property " being then and there insured against loss and damage by fire in the sum and to the amount of fifteen hundred dollars, in and by the Eastern Insurance Company, a corporation theretofore duly established under the laws of the State of Maine, with the intent then and there and thereby to injure and defraud the said Eastern Insurance Company." It is objected that there is no averment that the corporation named ever had any legal existence or right to insure in Massachusetts, or that at the time of the burning it had any existence in Maine. But the allegation that the goods were then and there insured in and by the Eastern Insurance Company, a corporation theretofore duly established under the laws of Maine, imports that they were insured by a corporation competent to enter into the contract of insurance and then and there bound by it.

This is sufficient, and it is not necessary to allege or prove that such corporation existed in Massachusetts, or, if a foreign corporation, that it had complied with the requirements of chapter 58 of the General Statutes, authorizing it to insure in this state. If it had not, the contract of insurance would be valid and could be enforced against it. Gen. Sts. *c.* 58, § 72.

It is also objected that there is no sufficient averment that the goods were insured at the time of the burning. The argument is, that the words " being then and there insured " refer to the date March 29 and not to the time of the burning of the different kinds of goods, the same not having been alleged to have been

burned at one time. But it is clear that the averment in the indictment, that the defendants, on the twenty-ninth day of March, " did set fire to and burn " the goods described, is a charge of a single act done by the defendants on that day, and not an averment which can be construed as charging several acts on the same day. The words " then and there " are relative; they refer to the previous averment, and that being an averment of a single act done, the word " then " refers to the precise time the act was done. *Commonwealth* v. *Butterick*, 100 Mass. 12. *Edwards* v. *Commonwealth*, 19 Pick. 124.

It is not necessary to set out in the indictment the policy or contract of insurance in full, according to its tenor, nor is it necessary to aver more specifically that the defendants knew that the goods were insured. The alleged intent to defraud the insurers by burning the goods necessarily involves a knowledge by the defendants that they were insured. We are of opinion that the first count sets out with sufficient certainty the substance of the offence created by the statute, and that the motion to quash it was rightly overruled. Gen. Sts. *c.* 161, § 7. The same considerations apply to the second count, and as the defendant was convicted only on the first two counts, we have not considered the other three counts. At the trial several exceptions were taken which remain to be considered.

The first exception to the admission of copies of the policies of insurance is clearly untenable. The government was required to prove the contracts of insurance, and as the defendant declined, upon notice, to produce the original policies, secondary evidence of their contents was admissible.

The defendant presented seven requests for instructions, which were refused by the presiding judge. The first and seventh were to the effect that the government had failed to prove that the goods burned were legally insured, and had failed to prove that material allegation of the indictment. Except so far as these requests involve the question of law above discussed in considering the motion to quash, they are requests for rulings upon the sufficiency of the evidence, and as all the evidence is not reported in the bill of exceptions, we cannot revise the ruling of the presiding judge thereon.

The second, third, fourth and sixth prayers, in substance ask the court to rule that the government must prove that the goods burned were the sole property of the defendant Goldstein and were insured as his property, and that proof that they were the property of Davis & Company and were insured as such was a variance. The presiding judge rightly refused these prayers.

It was proved at the trial that the goods burned were the property of Davis & Company and were insured as such, and that the defendant Goldstein was a member of said firm. The indictment is against Philip Goldstein and Jacob Davis, and charges them jointly with burning the goods insured, with intent to injure the insurer. It is not alleged, either directly or by implication, that the goods were insured by or in the name of Philip Goldstein, and therefore proof that they were insured in the name of Davis & Company was not a variance. It is not material in whose name the goods were insured ; the crime consisting in burning them with intent to injure the insurer, whether the defendant or any other person owned or procured them to be insured. It is true that the indictment alleges the goods to be the property of Philip Goldstein, and the proof was that they belonged to Davis & Company. But the statute provides that in prosecution of offences in relation to or affecting real or personal estate, it shall be sufficient and shall not be deemed a variance, if it is proved on the trial that at the time when the offence was committed, either the actual or constructive possession, or the general or special property in the whole or any part of such real or personal estate was in the person or community alleged to be the owner thereof. Gen. Sts. *c.* 172, § 12. As it was proved that Goldstein was a member of the firm of Davis & Company, this case falls within the statute. *Commonwealth* v. *Arrance*, 5 Allen, 517. *Commonwealth* v. *Harney*, 10 Met. 422. The instructions given upon the subjects embraced in these prayers were correct and appropriate to the evidence in the case.

The fifth prayer requests the court to rule that " as the burning was but one act, the defendant cannot be convicted of more than one count or offence." We are of opinion that this prayer should have been granted.

The crime created by the statute is the wilful burning of insured property with intent to injure the insurer. It is immaterial whether the intent be to injure one or several insurers. If the act be a single act, it cannot be divided so as to make several offences, merely because its effect is to injure two or more persons. The government rely upon the case of *Commonwealth* v. *Sullivan*, 104 Mass. 552, in which it was held that where several packages of goods, belonging to different owners, were stolen at the same time, the thief might be convicted of several larcenies.

If the principle of that case can ever be extended to the crime of burning insured property under the statute, it clearly does not apply to the case at bar. This is not a case where the same act of burning destroys two lots of goods which are separately insured by two different companies. The two policies cover the same goods. The question is the same as if the defendant had burned a house or a single article of personal property upon which there were two or more policies, and is more nearly analogous to the question in the case of a larceny of a single article of personal property, owned by two or more persons jointly, where, clearly, only one conviction could be had for the same taking.

The result is that the exception to the ruling that the defendant could be convicted of more than one offence is sustained, and all the other exceptions overruled. *Exceptions sustained.*