### COMMONWEALTH vs. GEORGE W. HOFFMAN.

Suffolk   Nov. 27. — 29, 1876.   ENDICOTT, DEVENS & LORD, JJ., absent.

An acquittal on an indictment for breaking and entering a dwelling-house and stealing therein the property of A., is no bar to a complaint for stealing in the same dwelling-house at the same time the property of B., without proof that A. and B. are the same persons.

COMPLAINT to the Municipal Court of the city of Boston, charging the defendant with the larceny on April 19, 1876, in the dwelling-house of Joseph Burnett, of a wallet and money, the property of Harry Burnett.

In the Superior Court, on appeal, the defendant pleaded in bar a previous acquittal upon the same offence, and put in evidence the record of his acquittal upon an indictment charging him with breaking and entering, on April 19, 1876, the dwelling-house of Joseph Burnett, and committing the crime of larceny of a coat and hat, the property of Joseph Burnett.

The defendant offered evidence to show that the wallet and money named in the complaint were stolen from the same place, at the same time, and by the same person, as the property specified in the indictment, attended by breaking and entering as therein set forth ; that such was the evidence upon the finding of the indictment ; and that such was the evidence at his trial upon the indictment.

The defendant also offered in evidence a record of the Municipal Court of the city of Boston, to show that the original complaint, upon which the defendant was arraigned, charged him with breaking and entering a dwelling-house, and stealing therein all the property set out in the indictment, and the wallet and money ; and that the property, mentioned in the indictment, was

described in the complaint as the property of Joseph Burnett, and the wallet and money as the property of Harry Burnett and upon this complaint the defendant waived an examination, and was bound over to appear before the Superior Court, when the indictment was found against him.

The defendant also offered parol evidence to show the identity of the offences charged in the indictment and complaint. But there was no offer to prove that Joseph Burnett was the same person as Harry Burnett, or that the money and wallet were the property of the former, and not that of the latter.

*Aldrich*, J., excluded all this evidence; and directed the jury to return a verdict against the defendant upon his plea of *autrefois acquit*.

The defendant was then tried; and it appeared that, when arrested, the defendant had upon his person, besides the wallet and money, a certain coat. The defendant offered in evidence a record of the Superior Court, to show a general verdict of not guilty, upon the trial of the defendant on the indictment aforesaid, charging him with the larceny of the coat, in the dwelling house of Joseph Burnett. The judge ruled that the record was inadmissible for any purpose.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. E. Swasey*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. The former acquittal, upon an indictment for breaking and entering a dwelling-house and stealing therein the property of Joseph Burnett, was no bar to this complaint for stealing in the same dwelling-house at the same time the property of Harry Burnett, without proof that Joseph and Harry were the same person. *Commonwealth* v. *Wade*, 17 Pick. 395. *Commonwealth* v. *Clair*, 7 Allen, 525. *Commonwealth* v. *Sullivan*, 104 Mass. 552. 2 Hale P. C. 246.

*Exceptions overruled.*