COMMONWEALTH *vs.* LANGDON W. MOORE.

Suffolk. November 22. — 26, 1880. LORD & SOULE, JJ., absent.

An indictment alleging that the defendant broke and entered the building of A.
" with intent then and therein to commit the crime of larceny, and the property,
goods and chattels of said A. in said building then being found, then and there
in said building feloniously to steal, take and carry away," charges but one
intent, the allegation of which is descriptive, and is not supported by proof of
an intent to steal the property of B., in or of which A. had no title, custody or
possession.

INDICTMENT alleging that the defendant, on December 4,
1879, at Boston, " with force and arms, a certain building there
situate, the property of the Warren Institution for Savings, the
same being then and there a corporation duly and legally estab-
lished, in the night-time of said day, did break and enter, with
intent then and therein to commit the crime of larceny, and the
property, goods and chattels of the said corporation in said
building then being found, then and there in said building felo-
niously to steal, take and carry away."

At the trial in the Superior Court, before *Bacon*, J., it was in
evidence that the defendant, with other persons, broke and
entered the basement of the building, and worked through the
basement into that part of the first story of the building occu-
pied as a post-office, and leased by the United States for that
purpose; that the sole purpose of the defendant, and of the
others with him, was to steal three thousand dollars' worth of
postage-stamps, the property of the United States in the post-
office.

The defendant asked the judge to rule, that there was a vari-
ance between the indictment and the proof in this, that the
indictment alleged that the property intended to be stolen was
the property of said corporation, and not the property of the
United States. The judge refused so to rule, and instructed the
jury as follows: " If the defendant broke and entered the build-
ing of the Warren Institution for Savings with the intent to
commit the crime of larceny of any property whatsoever in the
said building, he committed the offence charged in the indict-
ment, no matter who was the actual owner of said property."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. O'Brien & C. E. Sweeney*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

GRAY, C. J. This indictment is founded on the Gen. Sts. c. 161, § 12, by which " whoever breaks and enters in the night-time a building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state prison not exceeding twenty years."

The intent with which the defendant broke and entered the building is an essential element of the crime, and must therefore be alleged in the indictment, and must be proved as laid. In an indictment for breaking and entering a building with intent to steal therein, it is doubtless sufficient to allege the intent to have been to commit the crime of larceny generally, without stating the ownership of the goods, or charging an actual stealing; and if the indictment by apt words charges the breaking and entering of a building with intent to commit the crime of larceny therein, and further charges an actual stealing of the goods of a particular person, a defect in the allegation, or a variance in the proof, of the larceny so charged does not prevent a conviction of the breaking and entering. *Josslyn* v. *Commonwealth*, 6 Met. 236, 239. *Larned* v. *Commonwealth*, 12 Met. 240, 244. *Regina* v. *Lawes*, 1 Car. & K. 62. *Regina* v. *Clarke*, 1 Car. & K. 421. But a charge of breaking and entering with intent to steal the goods of one person is not supported by proof of breaking and entering with intent to steal the goods of another. *Jenks's case*, 2 East P. C. 514; *S. C.* 2 Leach (4th ed.) 774. Wilde, J. in *Commonwealth* v. *Shaw*, 7 Met. 52, 57. Stark. Crim. Pl. (2d ed.) 189, 190.

In the case at bar, the indictment alleges in due form that the defendant broke and entered the building of the Warren Institution for Savings, " with intent then and therein to commit the crime of larceny, and the property, goods and chattels of the said corporation, in said building then being found, then and there in said building feloniously to steal, take and carry away.' The indictment, according to the manifest intention of the pleader, and in legal effect, does not charge two intents, but a

single intent, namely, to commit the crime of larceny by stealing the property of the Warren Institution for Savings. The proof was of an intent to steal goods belonging to the United States in a part of the building leased and occupied for a post-office, which goods were in the exclusive custody and possession of the United States, and in or of which the Warren Institution for Savings had no property, general or special, no custody or possession. There was therefore a fatal variance between the indictment and the proof, and the ruling of the learned judge who presided at the trial was erroneous.

The allegation of the intent with which the offence of breaking and entering was committed, though more particular than was necessary, was descriptive of the crime charged against the defendant, and of the only crime, proof of which he was required to be prepared to meet. The case cannot be distinguished in principle from that of *Commonwealth* v. *Shaw*, 7 Met. 52, in which the defendant was indicted for wilfully giving false answers to the selectmen presiding at an election, "then and there fraudulently intending to procure his name to be inserted on the voters' list of said town, and to obtain permission then and there to vote at said election;" and, it appearing in evidence that his name was on the list of voters when he gave the false answers, it was held that so much of the indictment as described his intent to have been to procure his name to be inserted on the list could not be rejected as surplusage, but that the variance was fatal. See also *Commonwealth* v. *Hartwell*, 128 Mass. 415; *Commonwealth* v. *Jeffries*, 7 Allen, 548, 571; *Commonwealth* v *Pierce, ante,* 31.                         *Exceptions sustained.*