Neubrandt vs. The State.

## NEUBRANDT vs. THE STATE.

*September 8 — September 27, 1881.*

CRIMINAL LAW. Burglary with intent to steal. *(1–3) When alleged intent to steal property of B. may be shown by actual theft of C.'s property: (4) Possession of stolen property, when evidence of burglary.*

1. Under an information for burglary, which charges that the breaking and entry were with intent to steal *the goods of B.*, no conviction can be had without proof of such *particular* intent.
2. Under such an information, however, where it appears that B. was the owner of the house at the time of the criminal act, and had personal property therein, which might be the subject of larceny, and which was in the same room with property of C., and was stolen and carried away at the same time with the latter, the state may show that the property of C. was afterwards found in defendant's possession.
3. Personal property of ·a boarder left in B.'s saloon or bar-room during the night, while the boarder slept in some other part of the house, was in the actual possession of B. during that time; and under sec. 4621, R. S., proof of the intent to steal such property would sustain an averment of an intent to steal the property of B.
4. An instruction that the burglary "could not be inferred" from the fact that the stolen property was found in defendant's possession, was properly refused, where there was proof, not only that the property was so found shortly after the burglary, but also of *other suspicious circumstances. Ingalls v. The State*, 48 Wis., 647–657.

ERROR to the Municipal Court of *Milwaukee* County. The case is stated in the opinion.

*Bradley G. Schley*, for the plaintiff in error:

1. There was no legal evidence to sustain the conviction. The specific intent alleged in the information to steal the goods

of John Bechtel, must be proved. Roscoe's Cr. Ev., 281; Whart. on Cr. Law, § 1617; Russell on Cr., 824; *Stevens v. The State*, 44 Ind., 469; *Rex v. Jenks*, 2 Leach C. C., 774; *S. C.*, 2 East P. C., 514. See also *Reg. v. Parfit*, 8 C. & P., 288. If this conviction should be sustained upon evidence merely showing a larceny of the goods of Conrad Jaeger, what would prevent the filing of another information charging plaintiff in error with breaking and entering the house of John Bechtel with intent to steal the goods of said Jaeger? A plea *autrefois convict* could not be interposed; for the offenses are not the same in law. *People v. Saunders*, 4 Parker, 196; East's Crown Law, 519, § 29. Yet precisely the same evidence would be introduced to prove both informations. Obviously the natural and direct presumption is, that he intended to steal the goods which he actually took. *State v. Blœdow*, 45 Wis., 279. The view taken by the court below is claimed to be supported by sec. 4621, R. S. It is well settled that a criminal or penal statute must be strictly construed. After naming offenses against real estate, this section names various specific offenses against personal property, the highest of which is stealing; and no reasonable construction can extend it to burglary. Moreover, no such general or constructive possession or special property in John Bechtel was shown as to bring the case within the statute. Mr. Bechtel was the keeper of a boarding-house, and not of an inn; he was therefore not liable to Mr. Jaeger if his coat was stolen; and consequently he had no special property in, or right to the possession of, the coat. Story on Bailm., § 475a; *Holder v. Soulby*, 98 E. C. L., 254; Edw. on Bailm., § 456; *Chamberlain v. Masterson*, 26 Ala., 371; *Ewart v. Stark*, 8 Rich. Law, 423; *Shoecraft v. Bailey*, 25 Iowa, 553; *Jalie v. Cardinal*, 35 Wis., 118. 2. The court erred in not charging the jury fully as to the presumptions arising from the possession of stolen property. It refused an instruction asked for the defense, that such possession is not presumptive evidence of the commission of a burglary; and

Neubrandt vs. The State.

the natural inference from the instruction which it did give was, that the possession was presumptive evidence of the commission of the burglary. We understand the law to be, that the naked and unexplained possession of stolen goods immediately after the burglary is *at most* only presumptive evidence of *larceny*. *Davis v. People*, 1 Parker, 447; *People v. Frazier*, 1 Wheeler C. C., 35. 3. The court erred in allowing the cap of John Bechtel's son, found in the prisoner's possession, to go to the jury, after having once rejected the evidence relating thereto.

The cause was submitted for defendant in error on the brief of *H. W. Chynoweth*, Assistant Attorney General. To the point that for the purpose of this case John Bechtel was the owner of the coat belonging to his guest, he cited R. S., sec. 4621; 1 Whart. Cr. Law, 8th ed., § 938; 2 East's P. C., 653.

TAYLOR, J. The plaintiff in error was convicted of the crime of burglary, for breaking and entering a dwelling-house in the night-time, and committing the crime of larceny therein; and, upon such conviction, he was sentenced to imprisonment in the state prison for three years. The information charges that the accused broke and entered the dwelling-house of one John Bechtel, situate in the county of Milwaukee, in the night-time, with intent to steal the goods and chattels of John Bechtel, then and there being. The evidence shows that the house mentioned in the information was the dwelling-house of John Bechtel, and was used by him as a boarding-house and saloon; that the house was broken and entered by some one in the night-time, as alleged in the information, and an overcoat and two boxes of cigars belonging to said John Bechtel, an overcoat, pair of gloves and pair of boots belonging to a boarder, and a cap belonging to the son of John Bechtel, were stolen and carried away. The two overcoats and other things stolen were in the bar-room of the house. The boarder whose property was stolen did not sleep in the bar-

room, but in another part of the house. The evidence shows that the accused was found in possession of the overcoat of the boarder and cap of the son shortly after the crime was committed, and was trying to sell the overcoat. The fact of his possession of a part of the stolen goods, together with his false and contradictory statements as to how he came by their possession, was relied upon by the state as sufficient to justify his conviction.

It is not strongly urged by the learned counsel for the accused, that there is such a failure of evidence on the part of the state as would justify this court in setting aside the verdict of the jury upon the main question of the guilt of the accused; but he insists that the intent to steal the goods and chattels of John Bechtel is not proven, and for that reason the accused should have been acquitted or the judgment arrested. The information having charged a particular intent to steal the goods of John Bechtel, it is insisted, by the learned counsel for the accused, that no conviction can be had upon that information without proving such particular intent; that proof which shows a general intent to steal, or an intent to steal the goods of some other person, would not be sufficient to justify a conviction. This view of the case is undoubtedly the true one, and was taken by the learned judge who tried the case in the court below, as appears from his instructions to the jury on the trial.

The learned counsel for the accused alleges as error that the judge, against his objection, permitted the witnesses to state that the accused was found in possession of the cap of the son and the overcoat of the boarder. He urges that, although this evidence might be competent as tending to prove the defendant guilty of breaking and entering the house as alleged in the information, it was not admissible as evidence tending to show that the accused intended to steal the goods and chattels of John Bechtel. We are inclined to hold that this evidence was competent, not only for the purpose of showing

that the accused broke and entered the house, but also for the purpose of showing that he intended to steal the property of John Bechtel, as alleged in the information. The evidence not only shows that John Bechtel was the owner of the house at the time of the commission of the crime, but it also shows that he had personal property therein which was the subject of larceny, and that a part of such property was in the same room with the stolen property belonging to his son and boarder, and was stolen and carried away at the same time the property found in the possession of the accused was stolen and carried away. Suppose the two overcoats, the gloves, boots and cap, had all belonged to John Bechtel, and had all been stolen at the same time: would not the fact that the accused was found shortly after in possession of one of the coats and the cap have been competent evidence tending to prove him guilty of the larceny of all the goods taken at the same time? Certainly it would have been competent, and, if such possession was accompanied with suspicious circumstances, strong evidence tending to prove his guilt as to all the property stolen at the time. *Com. v. Millard*, 1 Mass., 6; *Davis v. People*, 1 Parker, 447; Whart. Crim. Ev. (8th ed.), § 763 and notes; *People v. Gordon*, 40 Mich., 716. The fact that the goods stolen at the same time were owned by different persons, can make no difference as to the tendency of such evidence to prove the guilt of the accused as to all the articles stolen at the same time.

There was no error in admitting evidence of the possession of some of the stolen property by the accused, and his statements concerning them. Such evidence tends to prove the burglarious entry of the premises described in the information, by the accused, and also to prove that the accused stole and carried away the overcoat and cigars of John Bechtel; and, tending to prove that the accused stole the goods of Bechtel, it tended to prove the intent as charged in the information.

The learned judge before whom this case was tried, in-

structed the jury upon this point in accordance with our views, as above stated. In the first part of his instruction he says: "The proof of the property which was taken from the house that night, its identification here, is evidence for you to consider, *in connection with all the other facts and circumstances of the case, for the purpose of determining who entered that house*, if you find from the testimony that it was broken and entered, and *with what intent that breaking and entry was made.*"

The learned judge, after instructing the jury upon the question as to whether the coat of the boarder might be considered in the possession of the said John Bechtel, so as to make it his property, for the purpose of maintaining the charge that the intent was to steal the property of John Bechtel, again says: "The cap which is produced here you may also take into consideration in this matter, for the purpose of determining who entered that house and with what intent it was entered." These instructions were clearly intended to refer to the proof of the possession of these articles by the accused shortly after the crime was committed, and the circumstances attending such possession, and must have been so understood by the jury, and as so understood were proper to be given to the jury.

The counsel for the accused also assigns as error the refusal of the court to give the following instruction: "The burglary cannot be inferred from finding the stolen property in the possession of the accused." If the instruction asked had been "that the burglary could not be inferred by proof of the mere possession of the stolen property, or a part of it, by the accused shortly after the commission of the crime, unaccompanied by any proof of other suspicious circumstances," we are inclined to hold that it should have been given. See *Jones v. People*, 6 Parker, 126; Whart. Crim. Ev. (8th ed.), § 763; *Ingalls v. State*, 48 Wis., 647, 656. In this last case this court has stated the effect which should be given to the proof of possession of stolen goods by the accused. The instruction

asked was too broad. It was asked in connection with the evidence in the case, and was properly refused in view of such evidence. The instructions above quoted given by the court left that question properly to the jury.

But the learned judge further instructed the jury that proof of the larceny of the coat of the boarder of John Bechtel, taken from the saloon or bar-room of Bechtel's house, was proof of a taking from the possession of the said Bechtel, and was as effective, under the statute below cited, to prove an intent to steal the goods of said Bechtel, as though the coat stolen in fact belonged to him. This instruction was excepted to by the defendant, and is relied upon as error in this court.

The learned judge justified this instruction under the provisions of section 4621, R. S. The section reads as follows: "In the prosecution of any offense committed upon, or in relation to, or in any way affecting, any real estate, or any offense committed by stealing, embezzling, destroying, injuring, or fraudulently receiving or concealing, any money, goods or other personal estate, it shall be sufficient, and shall not be deemed a variance, if it be proved on the trial that, at the time when the offense was committed, either the actual or constructive possession, or the general or special property, in the whole or any part of such real or personal estate, was in the person or community alleged in the indictment, information or other accusation to be the owner thereof." We have no doubt the crime of burglary is a crime affecting real estate, within the meaning of said section, and that an allegation of the ownership of the house burglarized would be sufficiently proved by showing that it was in the actual or constructive possession of the person alleged to be the owner in the information. We are also of the opinion that this section covers the crimes of larceny and embezzlement of personal property, when charged in the information as distinct offenses in no way connected

with a crime affecting real estate, and that an information for larceny which charged the goods stolen to be owned by A., would be sustained if the evidence showed that A. had the actual possession of the property stolen at the time the larceny was committed, although it was at the same time shown that B. was the real owner thereof. We can see no reason why the provisions of the statute should not be extended so as to cover the case of an allegation of an intent to steal personal property, in an information for burglary. If the information had charged, not only the intent to steal, but that the accused did in fact steal, the goods and chattels of the owner of the house burglariously entered, there could be no reason for holding that the prosecution should fail on account of a variance, if the proof showed that the owner of the house was not the owner of the goods, but was in the actual possession thereof, which does not apply with equal force to the case of an information for simple larceny.

That this section is applicable to crimes relating to personal property as well as those relating to real estate, has been frequently held by the courts of Massachusetts, from which state we copied the section above referred to. See R. S. Mass., 1836, ch. 13, § 11; R. S. Mass., 1860, ch. 172, § 12; *Com. v. McLaughlin*, 103 Mass., 435; *Same v. Harney*, 10 Met., 422; *Same v. Arrance*, 5 Allen, 517; *Same v. Norton*, 11 Allen, 110; *Same v. Lawless*, 103 Mass., 425; *Same v. Sullivan*, 104 Mass., 552; *Same v. Finn*, 108 Mass., 466; *Same v. Maguire*, id., 469; *Same v. Dailey*, 110 Mass., 503; *Same v. Goldstein*, 114 Mass., 272; *Same v. McGorty*, id., 299; *Same v. Brigham*, 123 Mass., 249. In the case of *Com. v. McGorty* it was held, that, under this statute, proof that property was in possession of a widow, although forming a part of the unadministered estate of her deceased husband, would support an allegation that it was her property; and in *Com. v. Finn* it was held, that an indictment for receiving stolen

money might allege the money to be the property of the person from whom it was stolen, although he stole it from the true owner.

We think that the coat and other property of the boarder of John Bechtel, left in his saloon or bar-room while the boarder slept in some other part of the house, was, during the night, and while it remained in such bar-room and not under the present and personal control of such boarder, in the actual possession of the owner of the house and under his protection; and that he might have maintained trespass against any person other than the owner for wrongfully taking and carrying away the same. His possession being an actual one under the proofs, an allegation in the information that he was the owner is not such a variance as should entitle the accused to an acquittal. In *Commonwealth v. Smith*, 111 Mass., 429, it was held that an indictment charging larceny in a dwelling-house was sustained by proof that a lodger in the dwelling-house went to bed, having placed his clothes on a chair, and the defendant took from the pocket of the clothes the key of the lodger's trunk, opened the trunk, which was in the same room, and stole the money therefrom; that the trunk, clothes and money of the lodger, while asleep, were under the protection of the house, and not under his own protection.

We do not understand that it is necessary that the person in the actual possession of property should have any general or special property therein in order to constitute him the owner thereof for the purpose of sustaining an information for a larceny thereof under the statute. The statute says it is sufficient if the person alleged to be the owner thereof have the actual or constructive possession, *or the general or special property in the whole or any part thereof.*

The owner of the saloon and boarding-house having the actual possession of the property of his lodger, left by him in the bar-room or saloon while he was sleeping in another part of the house, the ownership of the property was sufficiently

proven by proof of such possession; and so the intent to steal John Bechtel's property was sufficiently proven by proof showing that the property stolen was in his possession when stolen.

*By the Court.*— The judgment of the municipal court of Milwaukee county is affirmed.