COMMONWEALTH *vs.* GEORGE A. ANDREWS.

Essex. November 4, 1891. — November 25, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Burning of Insured Goods — Indictment and Proof.*

On an indictment under the Pub. Sts. c. 203, §7, for burning insured property with intent to defraud the insurer, it is not necessary in order to convict the defendant to prove that he applied the fire directly to such property.

INDICTMENT, on the Pub. Sts. c. 203, § 7,* for maliciously burning a building and burning insured property, with intent

* This section is as follows: "Whoever wilfully burns a building or any goods, wares, merchandise, or other chattels, which are at the time insured

to defraud the insurer. Trial in the Superior Court, before *Braley*, J., who, after a verdict of guilty, allowed a bill of exceptions, which, so far as material to the point decided, appears in the opinion.

*H. P. Moulton & F. C. Richardson*, for the defendant.

*A. E. Pillsbury*, Attorney General, *& G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   The indictment charges in the first count the malicious burning of a building adjoining a dwelling-house, and in the second count the burning of certain goods, the property of the defendant, with intent to defraud the insurance company mentioned in the indictment. A *nolle prosequi* was entered in respect to the first count, and the trial proceeded on the second count alone.

The defendant requested the presiding justice to instruct the jury " that, unless they were satisfied that the defendant applied the fire directly to the goods described in the second count of the indictment, they should return a verdict of not guilty, and that evidence and proof that the fire was set to the building (or to property other than that described in the indictment) so described, from which it was communicated to the property, would not in law be competent to prove the second count of the indictment." The only exception taken was to the refusal of the presiding justice to give this instruction.

This count of the indictment is under the Pub. Sts. c. 203, § 7, and the offence charged was a wilful burning of insured property, with intent to defraud the insurer. A wilful burning of property may as well be accomplished by setting fire to kindlings or to other inflammable materials, in such a position that the flames will naturally pass to the property intended to be burned, as by applying the fire in the first place to the property itself which one desires to burn. The indictment, which follows substantially the form in *Commonwealth* v. *Goldstein*, 114 Mass. 272, does not allege that the fire was first applied to the goods insured, and it was not necessary either to allege or prove that. It was enough to warrant a verdict of guilty if the defendant

against loss or damage by fire, with intent to injure the insurer, whether such person is the owner of the property burnt or not, shall be punished by imprisonment in the state prison not exceeding twenty years."

applied fire to the building, or anything else, with the purpose and intent thereby to burn the goods therein, and if the goods were in fact by the defendant's act so burned and consumed, with the intent to defraud which was charged in the indictment.

*Exceptions overruled.*