ARCH GIVENS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An indictment charging the defendant with breaking and entering a "building, to-wit: A store-house, the property of one Mrs. Pons," is not sustained by proof that defendant broke and and entered Mrs Pons' gin-house, a building separate and distinct from her store-house.

Writ of Error to the Circuit Court for Baker county.

The facts in the case are stated in the opinion of the court.

*Warren P. Ward*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

CARTER, J.:

At the Fall term, 1897, of the Circuit Court of Baker county, the plaintiff in error was convicted upon an indictment charging him with breaking and entering a certain building, to-wit: a store-house, the property of one Mrs. Pons, with intent to commit a misdemeanor. The defendant moved the court to grant a new trial upon the ground, among others, that the verdict was

contrary to the law and evidence. This motion was overruled, and from the sentence imposed upon him he sued out this writ of error.

Only one witness testified to the character of the building alleged to have been broken and entered, and he designated it as "Mrs. Pons' gin-house." He stated that he was bookkeeper for Mrs. Pons, and had been for many years; that she carried on a general merchandise business, and that she had a gin-house, store-house and dwelling, at Sanderson; that the store-house and gin-house were separate and distinct buildings, located about one hundred yards apart, and had been thus located and separated for many years; that he knew what a gin-house was, and also what a store-house was; that this building was generally known as a gin-house, while the store building was generally known as a store-house; that the breaking and entering occurred in February, 1897, and the ginning season generally began in October, and lasted until March. He testified further that cotton seed and toll corn were sometimes stored in the gin-house building; that at the time of the trial Mrs. Pons' buggy was in there, and that she kept other things in the building as occasion required. He stated further that in the gin-house were located the gins, machinery, &c., necessary to carry on the business, and that Mrs. Pons also stored cotton, cotton seed, and sometimes corn and other things in the building, but that this building was known, called and designated by the people in the community as a gin-house, and the building containing the stock of general merchandise was known and called the store-house.

The court should have granted defendant's motion for a new trial because of a variance between the allegation and proof descriptive of the building alleged to have

been broken and entered. In Glover v. State, 22 Fla. 493, it is said that in an indictment for larceny the article charged to have been stolen should be sufficiently described so that there may be no doubt of its identity; that this is required for the protection of the accused, so that in the event of a future prosecution for the same offense there may be no doubt of the identity of the article so alleged to have been stolen; that the evidence must also substantially correspond with the description in the indictment, and that such articles may be described by the name by which they are generally known. In that case the indictment described the article as a "gold watch," and although according to the testimony of an expert the watch proven was not a gold watch, but what was known to the trade as a "filled case" watch, yet as it was known as and called by people generally, a gold watch, there was no variance, because it was impossible that the defendant could have been mistaken as to the article with the larceny of which he stood charged. The indictment in this case charged defendant with breaking and entering a building, to-wit: a store-house, but the evidence shows that the building which was broken and entered was not a store-house, but a gin house. It is true that other articles disconnected from the ginning business were sometimes stored in the building, but that did not change the nature or character of the building which was primarily a gin-house—"a building where cotton is ginned"—nor make it a store-house—"a building for keeping goods of any kind, especially provisions—a magazine—a repository—a ware-house," especially in view of the testimony that this building was generally known, called and designated by the people in the community as a gin-house, while the store building, one hundred yards away, was generally known and desig-

nated as a store-house. , The indictment did not advise defendant to prepare to defend a charge of breaking and entering Mrs. Pons' gin-house, nor could a former conviction or acquittal of the charge alleged in this indictment be pleaded in bar of another prosecution for breaking and entering "Mrs. Pons' gin-house" with intent, &c.

The judgment is reversed, and a new trial granted.