JACOB CROSKY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

In an indictment or information charging the crime of breaking and entering a building with intent to commit larceny it is not necessary to allege the name of the *owner* of the *articles* in said building which the defendant intended to steal, yet where the said articles are alleged therein to be the property of a certain named person it is incumbent upon the State to prove said ownership as laid, and a failure so to do will constitute a fatal variance.

This case was decided by Division A.

Writ of error to the Circuit Court for Dade county.

The facts of the case are stated in the opinion of the court.

*Geo. A. Worley* (with whom was *R. H. Seymour* on the brief) for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

SHACKLEFORD, J.—The plaintiff in error, Jacob Crosky, was indicted, tried and convicted in the Circuit Court of Dade county of the crime of breaking and entering "the store-house and bar-room of one W. N. Woods with intent to commit a felony, to-wit: with intent to steal, take

and carry away certain goods and chattels therein being, of the value of twenty-five dollars, of the property, goods and chattels of the said W. N. Woods." The plaintiff in error was sentenced to confinement at hard labor in the State penitentiary for a period of five years, and seeks reversal here by writ of error. Three errors are assigned, but all present the single question as to whether or not the testimony was sufficient to support the verdict, and hence they may be considered together. Setting forth the testimony in detail would be profitless. Suffice it to state that there is considerable conflict therein, but it plainly appears therefrom that, although the building alleged to have been broken into and entered by defendant was the property of the said W. N. Woods, as charged in the indictment, the goods and chattels therein contained were not the property of the said Woods. Does this fact constitute such a variance between the crime charged in the indictment and the evidence as to make it fatal and warrant a reversal? As was said by this court in *Charles v. State,* 36 Fla. 691, 18 South. Rep. 369, "It is not necessary in an indictment under our statute for breaking and entering a building in the night time with intent to commit a misdemeanor, by stealing, to allege that the property intended to be stolen was actually in the building at the time of the breaking and entry thereof." In *Jones v. State,* 18 Fla. 889, it was held that "in an indictment for burglary in the night time *with intent* to commit larceny of money, goods and chattels, it is not necessary to aver what specific money, goods or chattels were *intended* to be stolen, or the name of the owner thereof." In *Pells v. State,* 20 Fla. 774, it was held that "the rule is well-settled that the ownership of the building so burglariously entered must be alleged in the indictment." Also see *Givens v. State,* 40 Fla. 200, 23 South. Rep. 850; *Leslie v. State,* 35 Fla. 171, 17 South. Rep. 555; *Kennedy v. State,* 31 Fla. 428, 12 South Rep. 858. While in an indictment for the crime charged in the indictment in the case at bar it was not necessary to

allege the name of the *owner* of the *articles* which the defendant intended to steal, yet where the said articles were alleged therein to be the property of a certain named person we are of the opinion that it was incumbent upon the State to prove said ownership as laid. Having failed so to do constitutes a fatal variance, for which the judgment must be reversed. See *Commonwealth v. Moore,* 130 Mass. 45; *Neubrandt v. State,* 53 Wis. 89, 9 N. W. Rep. 824; 2 East's Pleas of the Crown, 514; 1 Bish. Crim. Proc., secs. 488, 581, 582; Underhill's Crim. Ev., secs. 32 and 33; Wharton's Crim. Ev., sec. 94; 1 Russell's Crimes (7th Am. Ed.), 825. For an interesting discussion of the question of variance, also see *Burrett v. Doggett,* 6 Fla. 332.

As the case will have to be reversed upon this point, it becomes unnecessary for us to consider or discuss the evidence any further or to express any opinion thereon.

For the error found the judgment of the Circuit Court must be reversed and a new trial awarded, and it is so ordered. The costs of this appellate proceeding are to be taxed against the county of Dade.

TAYLOR, C. J., and HOCKER, J., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.