LEWIS WOOD, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. An indictment found under Section 12, sub-Chapter 4, Chapter 1637,
Laws 1868, charging that the accused, in the night time, broke and
entered, &c., with intent to steal property of the value of six dol-
lars, is bad, in that the breaking and entering was with intent of
committing a misdemeanor and not a felony.

2. Such indictment to be good should charge not only that the intent
was to commit a felony, but that the breaking and entry was into
a "building, ship or vessel." A corn crib is not necessarily either
a "building, ship or vessel."

Writ of Error to the Circuit Court for Columbia county.
The facts of the case are stated in the opinion.

*B. B. Blackwell* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of
the court.

The indictment charges that Lewis Wood unlawfully, in
the night time of the 29th day of March, 1881, in the county
of Columbia, " into the corn crib there situate of James A.
Taylor, wilfully, maliciously, forcibly, feloniously and bur-
glariously did break and enter with intent then and there
the goods, chattels and valuable property of the said James
A. Taylor, in the said corn crib then and there being, then
and there feloniously, wilfully and burglariously to steal,
take and carry away, and then and there in the said corn
crib six bushels of corn, of the value of six dollars, of the
goods and chattels of the said James A. Taylor, in said
corn crib then and there being found, then and there felo-
niously and burglariously did steal, take and carry away,
contrary to the form of the statute," &c.

On this indictment the defendant was found guilty, and his counsel moved in arrest of judgment, which motion was overruled. The case is here on writ of error.

The errors assigned are as follows:

I. The indictment fails to charge a breaking and entering with intent to commit a larceny that amounts to a felony.

II. The indictment does not charge the breaking and entering a building.

III. The indictment does not charge an offence of which the Circuit Court has jurisdiction.

The statute, Chap. 1637, Laws 1868, sub-Chap. 4, Sec. 12, is the one under which this indictment must have been found, and it reads as follows: " Whoever breaks and enters, in the night time, a building, ship or vessel with the intent to commit the crime of murder, rape, robbery, larceny or other felony, shall be punished," &c. This section clearly implies that the crime which is intended to be committed must be a felony.

A felony by the laws of Florida, sub-chapter 2, Chapter 1637, is a crime punishable by death or imprisonment in the State Penitentiary. Chapter 1693, Laws of 1869, Section one, reads as follows: " That whoever is convicted of stealing property not exceeding in value twenty dollars shall be guilty of a misdemeanor, and on conviction thereof shall be sentenced to pay a fine of not more than one hundred dollars, or to be imprisoned in the county jail not more than sixty days, or by both fine and imprisonment, the fine not to exceed one hundred dollars, and the imprisonment not to exceed sixty days, at the discretion of the court." The crime of which the accused was charged was breaking and entering with intent to steal and carry away six bushels of corn of the value of six dollars. This is made a misdemeanor, and cannot be tortured into a felony.

In the case of the People vs. Murray, 8 Cal. R., 519, the court in their opinion say : " It is clear from the fact that all the offences specified in the fifty-eighth section can be nothing but felonies, (except the crime of larceny) and from the further fact that the expression ' *or other felony*' is used immediately after ' *larceny*,' that the Legislature intended that the intent to commit a *felony* must exist in the mind of the prisoner to make the offence complete.    *   *   *
The language of the Legislature is too clear, under the well known rules of construction applicable to criminal statutes, to admit of doubt.    It is true that under the construction we are compelled to give the statute, the breaking and entering a dwelling-house with intent to commit petit larceny, may be no statutory offence.    But this is an omission which must be provided for by the Legislature."

The indictment is further defective in that it does not charge the breaking and entering a "building, ship or vessel."   The breaking and entering is alleged to have been into a " corn-crib," not a building called a corn-crib.   We have been unable to find this word " corn-crib" in Worcester's Dictionary, and it is not necessarily a " building, ship or vessel."   Corn is defined to be a cereal grain, and the word is commonly used in this country in place of Indian corn or maize.   Crib has various definitions, as the manger of a stable, a bin, a frame for a child's bed, a small habitation, and is used in the latter sense by Shakespeare :

> " Why rather, sleep, liest thou in smoky cribs
> Than in the perfumed chambers of the great ?"

No where else do we find it used in the sense of a building.   The indictment is defective and judgment is arrested.