B. C. GRANTHAM, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed January 16, 1922.

1. In a prosecution for the offense of issuing a check upon a bank where the maker of the check had not sufficient funds on deposit with the bank to pay the check, the burden is upon the State to show that the defendant gave the check for something of value, that he had not sufficient funds in the bank upon which the check was drawn either at the time it was drawn or at the time it was presented for payment to pay the same and failure to make restitution or pay the money within twenty-four hours after notice.

2. A defendant in a criminal prosecution is not entitled as of right to an instruction to the jury to return a verdict of acquittal.

3. Where the constitutionality of a statute is not attacked and it is not made to appear that it is a contravention of any designated portion of the constitution the court will assume its constitutionality and that it is sufficient as a basis for a criminal prosecution.

4. Chapter 7263, Acts 1917, which prohibits the issuing by any one of a check on a bank when the maker of the check has not sufficient funds on deposit with the bank to pay the check, requires written notice to be given to the maker of the check of its presentation to and non-payment by the bank; the purpose of the notice being to give to the maker of the check an opportunity to make payment or return the thing of value obtained by the worthless check.

5. Evidence examined and found sufficient to support the conviction.

A Writ of Error to the Criminal Court of Record for Dade County; Tom Norfleet, Judge.

Affirmed.

*Taylor* and *Taylor,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

ELLIS, J.—An information was filed in the Criminal Court of Record for Dade County against the plaintiff in error here, charging him with issuing a bank check on the First National Bank at Miami for the sum of three hundred dollars, in payment for a promissory note of his own, due upon the same day and dated some days previously for the sum of three hundred dollars, the title and possession of the note being delivered to him upon faith that the check would be paid, and that at the time of issuing the check and presentation of same he did not have sufficient money on deposit with the bank to pay the check, and that he did not within twenty-four hours after written notice of the presentation to and non-payment by the said bank make full and complete restitution by returning the consideration received for the check to the person in whose favor the check was drawn.

The information did not allege that the defendant did not pay the amount of the check to the payee or the lawful holder thereof. The defendant pleaded not guilty.

The evidence for the State consisted of the testimony of C. C. Vick, the payee named in the check, and certain documents consisting of two checks, one given by Vick to the defendant, and one given by defendant to Vick, copy of a written notice sent by Vick requiring the defendant to make payment of the check given by him, and the return receipt issued by the postoffice department through

which the notice to make payment was sent by registered letter to the defendant.

C. C. Vick testified that the defendant came to Vick's house Sunday, August 29th, 1920, and asked for a loan of three hundred dollars which he needed to make a ''payment past due on his place'' and that if he did not get the money by Monday he would lose what he had paid on it.

According to Vick the defendant executed a promissory note for three hundred dollars payable to Vick's order on September 3rd following, with eight per cent interest, dated August 29th, 1920, and delivered it to him. That he then gave the defendant fifty dollars in cash and a check for two hundred and fifty dollars on the First National Bank of Miami, payable to the defendant's order. On September 3rd he met the defendant and asked him to take up his note; that the defendant gave Vick a check for three hundred dollars on the First National Bank of Miami, in return for which Vick gave to the defendant the latter's promissory note for that amount, due August 30th.'' This may have been the same note which Vick had testified that the defendant gave to him on Sunday, August 29th, but the due dates do not correspond. That the check was presented by him at the bank the next day, but ''he did not get it cashed,'' and he presented it at the bank some days later. The check was then introduced in evidence. It was dated Sept. 3, 1920, drawn on the First National Bank of Miami, Florida, payable to the order of C. C. Vick for three hundred dollars, signed by B. C. Grantham and endorsed by C. C. Vick. The witness did not state in his direct examination that payment of the check was refused, nor that it was returned to him by the bank unpaid. This point however was supplied on

cross-examination, when he testified that he collected fifty dollars on the check through Mr. Powers "after the check had been protested." On the direct examination he testified that he met the defendant, told him that the check "was bad," and the defendant promised to pay "in the next day or two."

The witness testified that just before he "had the warrant issued," "he (meaning perhaps the defendant) came to the place and Mr. Powers asked me to extend him time, and I said I had already extended as much time as I could. He said, I am going to take him into my office and he might pay in a week. I said if you will guarantee him to pay fifty dollars a week, I will extend him time. He said I will do that. The first week I went around and he paid fifty dollars; the second week he refused to pay, saying he had not seen that fellow in a week."

On the 14th day of September the witness wrote a letter to the defendant in the following words and sent it by registered mail:

"Dear Sir:—You are requested to make payment of your check to me for $300.00 dated Sept. 3, 1920, within 24 hours or I shall be obliged to turn over to proper authorities for handling. Yours truly, C. C. Vick. P. S. Check returned marked 'no account.'" The postoffice receipt as stated was introduced in evidence. The information was filed June 18th, 1921. On what date the witness obtained a warrant for the defendant is not stated, therefore it does not appear when the witness entered into the agreement with Powers, to accept the latter's promise to pay the amount of the check to the payee. The fact remains, however, that he did collect from Powers fifty dollars upon the promise, and when that promise failed

the witness proceeded against the defendant. Upon cross-examination the promise of Mr. Powers is made to appear in a different character from what it appears upon the direct examination. In the latter it appears that the witness accepted Mr. Powers' unqualified promise to pay the check at the rate of fifty dollars per week, and pursuant to that promise he paid fifty dollars during the first week.

Upon cross-examination it was made to appear that Mr. Powers merely undertook to aid Mr. Vick in the collection of the money represented by the defendant's check which he had given for his note.

The nature of the agreement, however, was immaterial, because the criminality of the defendant did not depend upon whether the payee of the check was satisfied with the arrangement which had been made for the payment of the money due him. The statute requires restitution to be made of the thing of value obtained by the check or the money to be paid within twenty-four hours after notice has been brought to the maker of the check of the refusal of the bank to pay it. The gravamen of the offense charged consists of three elements, the giving of a check for something of value; insufficient funds in the bank upon which the check is drawn at the time it is drawn or at the time of presentation, and failure to make restitution or pay the money within twenty-four hours after notice.

The evidence was sufficient to support the charge. The motion for a directed verdict of acquittal was properly refused. See Yarborough v. State, 79 Fla. 256, 83 South. Rep. 873.

The constitutionality of the statute is not attacked and it is not made to appear that it is in contravention of any designated provision of the constitution. See McQuagge v. State, 80 Fla. 768, 87 South. Rep. 60.

Under the second assignment of error it is contended that the notice required by the statute was not given; that the letter sent by the payee to the defendant did not constitute such notice as the statute required. It is true that the letter did not state that the check had been presented to the bank and payment had been refused, nor did it name the bank upon which the check had been drawn, nor did it demand restitution of the note. The purpose of the statute in requiring written notice to the drawer of the check that the same had been presented and payment refused, was to give the defendant an opportunity to make payment or restore the thing of value obtained. The notice sufficiently identified the check. It identified it by reference to maker, payee, amount and date, and demand for payment was sufficient to notify defendant that it had been presented and payment refused. This gave the defendant the opportunity to either pay the amount or make restitution. The check was introduced in evidence, and that was supplemented by the oath of the payee that the check was presented and payment refused as required by the second section of the act. Under that section of the act prima facie evidence was thus supplied that there was insufficient funds for the payment of the check.

It is true that the testimony of the defendant was very different from that of the payee of the check. If the jury had believed the defendant an acquittal would have been necessary; but it is impossible for this court to say that the jury should have believed him. That was a matter entirely within their province.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.