Ward Cannon, Jimmie Bullard, Cecil McCluskey, and Norman McCluskey, *Plaintiffs in Error*, vs. The State of Florida, *Defendant in Error.*
136 So. 695.
Division B.
Opinion filed September 19, 1931.

*Bart A. Riley* and *J. Aron Abbott,* of Miami, for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

DAVIS, J.—In this case an information was filed in the Criminal Court of Record in Dade County charging that Ward Cannon, Jimmie Bullard, Cecil McCluskey, Norman McCluskey and Al Mann on the 1st day of January, 1931, in Dade County, Florida, did then and there unlawfully break and enter the dwelling house located at 1266 Northwest 36th Street in the City of Miami, the property of one Pearl Strickland, and with intent to commit a misdemeanor, to-wit, trespassing with intent to unlawfully, and with a malicious and mischievous intent, trespass upon the property of another, to-wit, Pearl Strickland, located at the address above mentioned, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

The information is predicated upon Section 7220 (5119) C. G. L., which denounces the offense as breaking and entering any dwelling with intent to commit a misdemeanor and makes the perpetration of such an offense ·punishable as a felony. The particular misdemeanor which the defendants are alleged in the information to have intended to commit when they broke and entered the dwelling house of Pearl Strickland as charged is that denounced by Section 7391 (5272) C. G. L., which provides that every trespass upon the property of another, committed with a malicious and mischievous intent, the punishment for which is not specially provided for, shall be a misdemeanor.

The sufficiency of the information to charge the offense of breaking and entering with intent to commit a misdemeanor was challenged by a motion to quash the information on the ground that an offense of breaking and entering with intent to commit a misdemeanor could not be predicated upon a charge of breaking and entering with

intent to commit a trespass under Section 7291, *supra*, because of the closely related nature of the offense of trespass with that of breaking and entering,—a trespass being an essential element of the offense of breaking and entering with intent to commit a misdemeanor. In view of our conclusions as to the merits of the case as disclosed by the evidence at the trial, it is unnecessary to decide whether or not the motion to quash on this ground should have been sustained.

The information charges that the house which was broken and entered was that of Pearl Strickland, but the evidence shows without contradiction that Pearl Strickland had rented the house to one Rose Campbell at the time that the alleged breaking and entering occurred. The evidence also shows that at said time Rose Campbell was paying to Pearl Strickland $75.00 a month rent for the house and that the premises broken into were in the actual use and occupancy of the said Rose Campbell as her dwelling house as a tenant of Pearl Strickland.

It appears that the defendants were well acquainted with Rose Campbell and were on more or less intimate terms with her and her girl companions. Rose Campbell herself testified that the defendant Cannon was frequently staying at the house and could stay there any time he wanted to; that there were three bedrooms in the house, and evidently some of the other defendants were equally welcome.

On the occasion of the alleged trespass the two McCluskey boys were riding around with two girls from Canada when Ward Cannon drove them to "Rose's" house, went in the house, turned on the lights, opened the door and in two or three minutes called for the rest of the party to come in. The rest of the party accepted the invitation and after going in made telephone calls, played the piano, smoked cigarettes, threw the butts around on the floor and indulged in more or less drinking. When

Rose Campbell returned home about 3.30 or 4.00 o'clock in the morning she testified that she found the house all torn up, cigarette butts all over the house, and quite a few little miniature whiskey bottles scattered around. At that time the self-invited visitors had apparently gone on to some other place without informing ''Rose'' of their nocturnal visit. The telephone bill was carried in ''Rose's'' name, and the circumstance of several large sized items appearing on it for long distance calls to Canada and North Carolina which had been made by the intruders, disclosed their identity.

The offense of ''breaking and entering'' as denounced by our statute involves primarily an invasion of possessory rights of another as does the offense of ''trespass''. In this case the showing is that such ''possessory rights'' as were violated were the possessory rights of Rose Campbell who rented the house and occupied it as her dwelling. It is patent that if the breaking and entering charged was done with the permission of Rose Campbell, although without the permission of Pearl Strickland from whom Rose Campbell rented, that no offense could be made out under the statute. It was therefore pertinent to allege and prove in the information whose possessory rights in the dwelling house located at 1266 Northwest 36th Street, in the City of Miami, were violated without permission by the breaking and entering which is alleged to have taken place.

The County Solicitor elected to charge that both the breaking and entering and the trespass were violative of the possessory rights of Pearl Strickland rather than of Rose Campbell, her tenant and occupant. It was therefore essential to establish by the evidence proof of the crime as charged in the information because it is equally true in criminal cases as in civil cases that a case, no matter how meritorious it may be, cannot be made out unless the allegata and the probata meet and correspond.

At the conclusion of the State's evidence the defendants jointly and severally made a motion for a directed verdict of acquittal. The trial judge directed a verdict of acquittal as to Al Mann, but denied it as to the other defendants. At the time of the motion of the directed verdict the State's evidence proved conclusively that the dwelling house broken and entered was that of Rose Campbell and not that of Pearl Strickland as charged in the information. One of the grounds of the motion for a directed verdict embraced this point.

In cases decided prior to Chapter 10163, Acts of 1925, Laws of Florida, which is now Section 4363 (2696) C. G. L., this Court has held that a defendant in a criminal case is not entitled as of right to an instruction to the jury to return a verdict of acquittal. Yarbrough v. State, 79 Fla. 256, 83 So. 873; Sessions v. State, 82 Fla. 248, 89 So. 553; Grantham v. State, 83 Fla. 16, 90 So. 697. But the reason for the holding in those cases has been removed by the 1925 statute, which now provides as follows:

"Upon the trial of all cases at law in the several courts of this State, the judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause. If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, or upon behalf of the State in any criminal case, it be apparent to the judge of the circuit court, criminal court, county court, or civil court of record that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, or a verdict against the defendant in any criminal case, the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant; and if, after all the evidence of the parties shall have been submitted, it be apparent to the judge of the circuit court, or county court or criminal court or civil court of record that no sufficient evidence has been submitted upon which the jury

could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party; Provided, that no verdict shall ever be directed for the State in criminal case. * * *''

As will be noted by a reference to the foregoing statute, the Legislature has now provided that if after all the evidence shall have been submitted on behalf of the State in any criminal case it be apparent to the judge that no evidence has been submitted upon which the jury could lawfully find a verdict against the defendant in any criminal case that the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant.

The effect of the 1925 amendment to pre-existing statutes was to make the same rule applicable in criminal cases that is applicable in civil cases with reference to the direction of verdicts by the court and the right to assign error based upon refusals to direct verdicts in cases where verdicts should have been directed. If, therefore, in the present case the judge of the criminal court should have directed a verdict finding the defendants not guilty because of a substantial failure in the State's proof to establish an element of the crime charged, such refusal is assignable in this Court and if the error is found to be well taken, the judgment is subject to reversal therefor.

In Priestly v. State, 61 Fla. 46, 54 So. 367, it was held that the purpose of our statute against breaking and entering is to punish for an offense involving the possessory rights of another. One of the essentials of a charge as to an offense against property is the allegation of the defendant's ownership by such averments as show affirmatively that the property, general or specific, against which the crime is laid is in another than the defendant, in order that it may appear upon the face of the charge that an offense has been committed and that the defendant is guilty. Under this rule where property is occupied by

a lawful tenant the ownership of such property should be laid in the tenant because it would be the tenant's and not the true owner's property rights that could be invaded by a breaking and entering for the purpose of committing a misdemeanor or felony under our statutes. 1 Wharton Crim. Law, Par. 798; Ashton v. Georgia, 68 Ga. 25. From the foregoing it follows that it is necessary to allege and prove ownership of a dwelling alleged to have been broken into for the purpose of committing a misdemeanor therein. It is likewise necessary to establish such ownership as laid in the stated charge.

In this case the State utterly failed to prove, or to offer the suggestion of proof, that any possessory rights of Pearl Strickland, the alleged owner of the dwelling house broken into, were violated by the doing of the acts proved on the part of the defendants, and therefore, it was error for the court to have refused to direct a verdict of acquittal upon timely motion interposed demanding the same.

The judgment is therefore reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.