156 So.2d 769 (1963)
Kenneth DAWALT, Appellant,
v.
STATE of Florida, Appellee.
No. 62-771.
District Court of Appeal of Florida. Third District.
October 15, 1963.
*770 Franks & Gordon, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
The appellant was informed against, tried and convicted of entering a building without breaking, with intent to commit a misdemeanor.[1] He was sentenced to confinement in the state penitentiary for eighteen months.
The information charged that appellant "did unlawfully and feloniously enter without breaking a certain structure or building, to-wit: a telephone booth containing a telephone with the number Highland 6-9240, located within a building at 276 Miracle Mile, City of Coral Gables, Dade County, Florida, the aforesaid telephone booth being the property of Southern Bell Telephone and Telegraph Company, with intent therein to commit a misdemeanor, to-wit: Petit Larceny, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
The principal contention of the appellant is that the information failed to charge an offense. The determinative question is whether a telephone booth may properly be classed as a building when it is located in a building.
A telephone booth may or may not be a building, depending upon its location and other facts. A different test might be applied to a telephone booth which is outside or apart from a building and one which is within a building. Also, telephone booths differ materially in their structure. Some are enclosed, having four sides, a floor and a roof or ceiling. Others are open fronted and without covering.
In the early Florida case of Wood v. State, 18 Fla. 967, it was held that an information charging entry into a corn crib did not charge entering a building, because a corn crib might or might not be a building. That was under a statute relating to breaking and entering a "building, ship or vessel." The court there said it would have been sufficient to charge breaking and entering a building called a "corn crib." In the instant case, as noted from the portion of the information which is quoted above, the defendant was charged with entering a "building, to-wit: a telephone booth." That makes the present case different from the early case of Wood v. State, supra, because here the information charged entering a building, and designated the telephone booth as the building being entered. However, the information went on to allege that the telephone booth which it designated as a "building" was "located within a building at 276 Miracle Mile." And the state presented evidence that the telephone booth in question was inside a restaurant. The defendant was not charged in the information with entering the restaurant building, but with entering a building consisting of the telephone booth, inside the restaurant building.
Under similar statutes with reference to entry of "buildings" it was held in California and Colorado that it was proper to *771 classify an outside telephone booth as a building. See People v. Miller, 95 Cal. App.2d 631, 213 P.2d 534; People v. Clemison, 105 Cal. App.2d 679, 233 P.2d 924; Sanchez v. People, 142 Colo. 58, 349 P.2d 561, 78 A.L.R.2d 775. In the last named case there was involved "an outside telephone booth which was located about twenty-five feet from a filling station." It is significant that the opinion indicated a different result would have been reached if the telephone booth had been in or within a building, where the Colorado court said (349 P.2d at 562):
"Though a telephone booth may be only a `closet' by dictionary definition (See Webster's New Twentieth Century Dictionary of The English Language, 1954 ed.) when within another structure, it is a building within the purview of this act when set apart. * * *"
A charge of an offense defined by statute must be in the very language of the statute or in language of equivalent import, and nothing can be taken by intendment. Humphreys v. State, 17 Fla. 381, 385. Thus in Gibbs v. Mayo, Fla. 1955, 81 So.2d 739, an information which charged an accused with breaking and entering into a "motor vehicle" was held not to charge an offense under a statute which related to breaking and entering any "automobile, truck, trailer, semitrailer, or housecar."
Where a proper charge is laid with respect to breaking and entering a "building," such as in Givins v. State, 40 Fla. 200, 23 So. 850, which charged breaking and entering a "building, to wit, a storehouse, the property of one Mrs. Pons," it is essential that the proof support the charge. In the Givins case the proof showed breaking and entering Mrs. Pons' ginhouse rather than her storehouse. It was held that the charge was not proved by that evidence. In the instant case, evidence of the entry of a telephone booth located within a restaurant building did not prove an offense under § 810.05, Fla. Stat., F.S.A., where the building which the information stated was entered was not such restaurant building but was a telephone booth alleged to be located therein. That which is not a building within the meaning and intendment of § 810.05 will not be made so by an allegation in an information designating it as a building.
This case does not present for decision, and we do not now express an opinion on whether an outside telephone booth properly may be classed as a building, in charging an offense under § 810.05, Fla. Stat., F.S.A. We hold, however, that the information in this case was defective and failed to state a crime under the laws of Florida, by classifying as the building entered a telephone booth located in another building.
For the reasons stated the judgment appealed from is reversed.
Reversed.
NOTES
[1] § 810.05, Fla. Stat., F.S.A., provides:

"Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars."