184 So.2d 437 (1966)
Sidney LINDSEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-485.
District Court of Appeal of Florida. Third District.
March 22, 1966.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
PER CURIAM.
The appellant Sidney Lindsey was informed against, charged with the crimes of breaking and entering a store building with intent to commit grand larceny, and grand larceny. He was tried, convicted and sentenced to be confined for three years. This appeal followed.
On the morning of February 1, 1965, the appellant was observed at "Flanders Trading Post, approximately 54th Street and 27th Avenue" displaying for sale certain items (clocks, watches, watch bands, razors and lighters). A Metro detective then present took him into custody and questioned him about the items. Lindsey said he was selling them for another man who had given them to him for that purpose. The officer released him, retaining the items, and arranged for Lindsey to meet him the next day at a certain place at which he was to point out the man from whom he stated he had received goods. Lindsey failed to appear, and on that day the officer learned that a store had been broken into and that personal property had been taken fitting the description of that which he had received from Lindsey.
We have considered the several grounds relied on for reversal and find them to be without merit. Designation of the occupying tenant as "owner" was proper. Cannon v. State, 102 Fla. 928, 136 So. 695. The date of the alleged offense was made to *438 appear from the record. The evidence was sufficient upon which to fix the venue in Dade County, Fine v. State, 153 Fla. 297, 299, 14 So.2d 408, 409. The contention that the articles found in possession of the accused were not identified as objects of the larceny is not borne out by the record. The articles, which were received in evidence against the defendant, were not the fruit of an unreasonable search and seizure. The articles were openly observed. No search was involved. Beacham v. State, Fla.App. 1965, 175 So.2d 796. Under the circumstances the officer was justified in deeming them stolen goods, and impounding them. The fact that the burglary had not been reported to the officer previously was no reason to exclude the items at the trial when identified. They were, as subsequently identified and determined, recently stolen articles found in Lindsey's possession without reasonable explanation.
Affirmed.