HENDRY, Judge.
The appellant was adjudicated guilty of the crime of robbery. Appellant contends that the trial judge erred in denying his motion to suppress a certain oral statement made by the appellant while under police interrogation. This motion was predicated upon the appellant’s contention that no proper waiver of his constitutional rights occurred before the incriminating statement was elicited. The mandate from the United States Supreme Court, as outlined in the landmark case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) stated as follows:
“If the interrogation of an individual held by police contrives without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.”
In the instant case, the interrogation did, in fact, take place outside the presence of the appellant’s attorney. Moreover, in arguing that he did not validly waive his constitutional rights, the appellant points out the following facts which are demonstrated by the record: (a) although one police officer testified that he overheard another officer advise the appellant of his Miranda rights, the actual officer who allegedly so advised the appellant did not take the stand; (b) the testifying officer stated that the Miranda rights were read to the appellant from a “Miranda card”, but the actual card itself was not produced in court nor was it read into the record. Without proper evidence in the record as to the contents of the alleged warnings read or given to the appellant we are compelled to hold that the above-cited requirement set forth in Miranda, supra, was not met. Cf. Woods v. State, Fla.App. 1968, 211 So.2d 248, 249.
Therefore, the judgment and sentence being appealed is reversed and the appellant is to be granted a new trial pursuant to § 924.36 Fla.Stat., F.S.A. (1967).