248 So.2d 262 (1971)
Henry Lewis MOORE, Appellant,
v.
L.L. WAINWRIGHT, Director, Division of Corrections, Appellee.
No. O-156.
District Court of Appeal of Florida, First District.
May 20, 1971.
Richard W. Ervin, III, Public Defender, and John W. Watson, III, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant, together with three codefendants, was indicted for breaking and entering a store building with intent to commit larceny, and larceny of a pickup truck. Appellant's trial by a jury resulted in a verdict of guilty upon which he was adjudged guilty and sentenced to a term of imprisonment in the state prison. The sole point raised on this appeal challenges the correctness of the trial court's order which denied appellant's motion to suppress the evidence allegedly taken from the building which appellant was charged with having broken and entered. It is appellant's contention that the evidence was illegally seized without a search warrant in violation of the constitutional prohibition against unreasonable searches and seizures, and should not have been admitted in evidence against him.
The testimony establishes without conflict that appellant and his three codefendants illegally entered a retail appliance store in Lake City late at night and removed therefrom ten television sets, six automobile tires, and several items of other property which they placed in a pickup *263 truck owned by the company that operated the appliance business. The truck was driven to a building owned by one Craig Moses and generally referred to by the witnesses as an old "abandoned farmhouse". The television sets and other property were unloaded from the truck and temporarily stored in the vacant and unoccupied house until such time as they could be disposed of by the thieves. The owner of the property had given two of the codefendants, Carter Bush and William Fennell, permission to park their house trailer on the property at a location some fifty feet from the vacant dwelling. The two codefendants, together with the wife of one, were living in the house trailer at the time of the theft and at the time all four defendants were arrested several days thereafter.
Upon receiving a tip that the stolen property might be located at or near the farmhouse, the law enforcement officials drove to that location late at night for the purpose of making an investigation. Upon turning off of the road into the driveway leading to the house, the lights of their automobile shone through an open door onto a television set. No attempt was made at that point to further identify the property so observed, but the officers proceeded to the house trailer parked nearby. Shortly thereafter appellant and the two codefendants who lived in the house trailer arrived at the premises and were promptly arrested by the officers. After the arrest was made, the owner of the appliance store was summoned and he identified the television set which the officers observed at the open door of the dwelling at the time of their arrival. The house was then entered by the officers and there was found therein most of the other property identified by the owner as having been stolen from his store on the night it was broken and entered.
In support of his position appellant directs our attention to those provisions of both the Florida and United States Constitutions which guarantee to all citizens the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.[1]
Appellant urges that since the officers had received a tip from an informer which gave them grounds to believe that the stolen articles were in or around the unoccupied farmhouse, they should have first obtained a search warrant before proceeding to that place for the purpose of conducting an investigation and seizing any contraband found on the premises. By process of reasoning which we have difficulty in following, appellant argues that since the television set observed by the officers was not illegal contraband per se, neither they nor the owner had the right to enter the farmhouse for the purpose of identifying it as part of the stolen property without first procuring a valid search warrant.
There are two reasons why appellant's contention must be rejected. In the first place the house in which the stolen articles were found was vacant and unoccupied. The owner of the house was not charged with any criminal offense, and he made no objection to the entry upon his property by the officers. Appellant was neither an owner, lessee, nor occupant of the premises which were searched, and we fail to find in the record any evidence which gives him any lawful standing to object to the search or suppress the evidence discovered thereby.[2]
Secondly, the television set sitting near the open door of the farmhouse was *264 clearly visible and observed by the officers without the necessity of searching the premises in order to discover its presence. The owner of the instrument identified it as one of the articles stolen from his place of business on the night of the robbery. Under the circumstances the seizure of the contraband was neither unreasonable nor illegal.[3]
Appellant having failed to demonstrate error, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and SPECTOR, J., concur.
NOTES
[1] Fla. Const. Art. I, § 12, F.S.A.U.S. Const. amend. IV.
[2] Parman v. United States, 130 U.S.App. D.C. 188, 399 F.2d 559 (1968); Fequer v. United States, 302 F.2d 214, 248 (8th Cir.1962); United States v. Cowan, 396 F.2d 83 (2nd Cir.1968); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668, 687 (1960).
[3] Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Smith, (Fla.App. 1966) 193 So.2d 23; Lindsey v. State, (Fla.App. 1966) 184 So.2d 437.