251 So.2d 572 (1971)
Orlando CATANESE, Appellant,
v.
STATE of Florida, Appellee.
No. 70-1002.
District Court of Appeal of Florida, Fourth District.
May 26, 1971.
Rehearing Denied July 19, 1971.
Max Lurie, of Lurie & Capuano, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Herbert P. Benn, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant made a bargain which he does not like and which we say he does not have to keep.
*573 Orlando Catanese and Kathy Newton initially were jointly charged in a four-count information with (I) possession of burglary tools, (II) attempting to bribe a police officer, (III) damaging or injuring telephone equipment, and (IV) breaking and entering a telephone booth with intent to commit a misdemeanor, to-wit: petit larceny. Upon arraignment a plea of not guilty was entered. At a later date, aided by counsel, appellant withdrew his not guilty plea as to Count IV and entered a plea of guilty. The state then nol prossed the remaining three counts against appellant and all counts against Kathy Newton, presumably the quid pro quo for appellant's guilty plea to Count IV. The court accepted the guilty plea, adjudicated appellant guilty and imposed a two-year sentence.
Count IV of the information charged in the following language:
"Informant aforesaid, under oath, further information makes that ORLANDO CATANESE and KATHY NEWTON on the 22nd day of December, 1968, in the county and state aforesaid, unlawfully did then and there break and enter a telephone booth, the property of SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, a corporation with intent then and there to commit a misdemeanor, to-wit: petty larceny, by then and there taking, stealing and carrying away property of another of the value of less than One Hundred Dollars."
The information was intended to have been framed under the provisions of F.S. 1967, section 810.05, F.S.A., as follows:
"Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars."
It is manifest that the information was legally insufficient. It would have been subject to a timely motion to dismiss under Rule 1.190 CrPR, 33 F.S.A., or a timely motion in arrest of judgment under Rule 1.610(a) (1) CrPR. The nature of the insufficiency is important. If the insufficiency of the information is such that the information does not wholly fail to charge a crime against the defendant, the failure to timely raise the defect by motion to dismiss constitutes a waiver of such insufficiency. Tracey v. State, Fla. 1961, 130 So.2d 605; Sinclair v. State, Fla. 1950, 46 So.2d 453; West v. State, 1942, 149 Fla. 436, 6 So.2d 7; Champlin v. State, Fla.App. 1960, 122 So.2d 412. Furthermore, a voluntary plea of guilty is in and of itself a waiver of all nonjurisdictional defects. Childs v. State, Fla.App. 1966, 190 So.2d 605; State ex rel, Baggs v. Frederick, 1936, 124 Fla. 290, 168 So. 252. On the other hand, if the information wholly fails to charge a crime against the defendant it is fundamental error, Tracey v. State, supra, and a conviction founded upon an information which wholly fails to charge a crime under the laws of the state is void and must be set aside, though the defendant may have entered a plea of guilty to such charge, Gibbs v. Mayo, Fla. 1955, 81 So.2d 739; Ex parte Stirrup, 1944, 155 Fla. 173, 19 So.2d 712. See also State ex rel. Kelly v. Whisnant, Fla. 1955, 80 So.2d 611 (which like the last two cited cases was on petition for writ of habeas corpus) wherein it was held that the petitioner was being illegally detained because the conviction was based upon an information which wholly failed to state an offense against the laws of the state, the court so holding in spite of the fact that at trial a timely motion to quash had been denied and no appeal had been taken from the judgment.
It is our view that the defect in Count IV of the information is not simply a mere failure to allege an element of the crime (the objection to which would have been *574 waived either by the defendant's failure to timely attack such in the trial court or by his voluntary plea of guilty), but rather is of such a nature that the information wholly fails to charge an offense against the laws of the state.
The fatal defect is the failure to charge the appellant with breaking and entering "a building" as proscribed by the statute, or at least to have specified or stated that the telephone booth was a building or structure within the meaning and intent of F.S. 1967, Section 810.05, F.S.A.
A telephone booth was held to be a building within the meaning of that statute in the case of Perry v. State, Fla.App. 1965, 174 So.2d 55. In that case the accusatorial writ charged the defendant with breaking "a certain building, to-wit: a telephone booth", followed by a description of the telephone booth with particularity as to its location. In its opinion the court noted that the evidence at trial established that such telephone booth was in fact located outdoors rather than within another building.
On the other hand, in the case of Dawalt v. State, Fla.App. 1963, 156 So.2d 769, a telephone booth was held not to be a building within the meaning of F.S. section 810.05, F.S.A. when it was shown by the accusatorial writ that the telephone booth was located inside another building or structure. Even in that case, however, the defendant was charged with the breaking and entering of "a [certain] building, to-wit: a telephone booth", followed by a description of the location.
In the instant case, the information not only fails to allege that the defendant entered a "building", but there is likewise a failure to allege any facts from which it can be determined that such telephone booth was in fact a building within the rationale of the Perry case, supra, rather than a nonbuilding within the holding of the Dawalt case, supra.
The duty of preparing the information in accordance with law is fully upon the state. It would have been an easy matter for the state to have alleged that the defendant broke and entered "a building" describing the same with some particularity, or certainly as a bare minimum (though less desirable alternative) to have alleged such facts as would have established on the face of the information that the telephone booth was "a building" within the holding of the Perry case, supra. The state having failed in this duty, we think the following language from the opinion in Gibbs v. Mayo, supra (81 So.2d at page 740), is particularly apropos:
"[1-3] It has long been settled in this State that to charge one with an offense defined by statute, the offense must be charged `in the very language of the statute, or in language of equivalent import' and `nothing can be taken by intendment'. (Italics added.) Humphreys v. State, 17 Fla. 381, 385. The accused must be `plainly and unmistakably' within a criminal statute, and all doubts are resolved in his favor. Watson v. Stone, 148 Fla. 516, 4 So.2d 700, 701. And when a word is substituted for that used in the statute, the substituted word must necessarily be within the terms of the statute in order to charge an offense. Wood v. State, 18 Fla. 967. * * *"
The judgment and sentence are severally vacated and this cause remanded to the trial court with directions to enter its order dismissing Count IV of the information as legally insufficient to state a crime. This procedure will permit the state to file a further information pursuant to the provisions of F.S. section 932.05, F.S.A. should it desire to do so.
Reversed and remanded.
WALDEN and REED, JJ., concur.