MANN, Judge.
This case differs from Jackson v. State, Fla.App.2d 1972, 259 So.2d 739 (opinion filed’ March 15, 1972) only in that the telephone booth which the appellant was accused of entering without breaking was outside of any other building. As in Jackson there is no showing of non-consent of the owner. It was a phone booth clearly accessible to the public. Of course, High may be guilty of taking money from a coin-operated vending machine pursuant to Fla.Stat. § 877.08, F.S.A. or an attempt to do so, but this record does not disclose a violation of Fla.Stat. § 810.05, F.S.A. For the reasons stated by Chief Judge Pierce in Jackson and Judge McNulty in his special concurrence, the judgment appealed from is reversed.
PIERCE, C. J., and LILES, J., concur.