296 So.2d 575 (1974)
Perry Curtis LEWIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. T-251 and T-252.
District Court of Appeal of Florida, First District.
June 27, 1974.
*576 S. Gunter Toney, Toney & Guarisco, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
SPECTOR, Acting Chief Judge.
Appellant seeks reversal of his conviction and concurrent five-year sentences on six counts of forgery and uttering a forged instrument, to wit, a credit card; one count of unauthorized use of a credit card and four counts of breaking and entering with intent to commit a felony for which he was sentenced to 15 years on each count to run concurrently. The judgments of conviction on the aforesaid counts were entered pursuant to appellant's pleas of nolo contendere entered by him subject to the right to review the trial court's order denying his motion to suppress the evidence that the police had marshalled against him to support the charges.
Prior to September 12, 1972, several burglaries occurred in the Tallahassee area, during which credit cards and other items of personal property were stolen. When appellant attempted to use one of the stolen credit cards at a local motel, the desk clerk called the police. On arrival, the police took appellant into custody and began to interrogate him. One of the officers testified that he read to appellant a Miranda card on which was printed the various constitutional warnings required to be given an accused prior to interrogation. At the hearing on appellant's motion to suppress, the officer testified and in relating the warning that he gave to appellant he omitted stating that he warned appellant that if he could not afford counsel one would be appointed for him prior to interrogation.
During the interrogation which ensued, appellant confessed to using the one credit card at the motel whereupon he was booked and charged with fraudulent use of a credit card, and upon being searched seven other credit cards were removed from his shoe. Thereafter, appellant signed a written waiver of rights form and a written waiver to search the taxicab which he drove and his residence. Incriminating evidence was found in both places. Upon being interrogated the following day concerning the keys to certain newspaper vending machines that he had been employed to tend for the St. Petersburg Times, the appellant advised that the keys were in possession of one Lizzie Williams. Upon being contacted by police respecting the keys, Miss Williams was found in possession of certain merchandise which had been purchased by the use of the credit cards and the police took possession of those items. She testified that she did not *577 relinquish possession voluntarily, but the police testified that she did consent.
At the outset appellant contends that the statements made by him in response to police interrogation, together with the evidentiary fruits of such statements, were inadmissible against him because he had not been given the full panoply of warnings as required by the Miranda decision. Although the police testified that the warnings were given, appellant points to the testimony of the officer relating the given warnings and points to the omission of the warning that if appellant could not afford counsel, one would be appointed for him by the State prior to interrogation. While it is true that the record reflects the omission noted, it is equally true that the officer at the time of such testimony was reciting from memory as to the warnings that he had given to the appellant. However, the officer also testified that at the time that he had given the warnings they were read to the appellant from what has come to be known as a Miranda card, and he testified that he read all the warnings that were contained on that card. We think the testimony that the officer read the rights from the Miranda card is sufficient evidence based upon which the court could properly find that appellant was adequately warned. See Tudela v. State, 221 So.2d 143 (Fla. 1969). Accordingly, we hold there is no merit to appellant's contention that he was not properly given the Miranda warnings.
Appellant next urges that the admissions made by him were inadmissible because they were taken from him before he had been given a hearing before a committing magistrate, pursuant to Section 901.23, Florida Statutes, F.S.A. While the record reveals that appellant was not taken before a committing magistrate until some ten days following his arrest and interrogation, the record also reflects that the statements made by him were made after only several hours in custody and after he had been given the warnings required by the Miranda decision. Had the statements been given by appellant nine or ten days after his being initially placed into custody and had appellant not been given the Miranda warnings prior to making his statements, there might be some merit to his contentions. Stevens v. State, 251 So.2d 565 (Fla.App. 1971), and like cases require rejection of appellant's contention. In that case, as well as Davis v. State, Fla., 275 So.2d 575, we held that admissions and statements given by an accused after he had received Miranda warnings are admissible in evidence against him. To like effect, see Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651.
The remaining contention urged by appellant for reversal is that merchandise which had been seized by police officers from a U-haul trailer should have been quashed because it was not obtained pursuant to a valid search warrant. That contention is without merit. The trailer was parked on an empty lot adjacent to a garage and while the garage owner did not consent to the search, it was consented to by the owner of the adjacent lot. Since the property was in the custody of a third party who consented to the search, the fruits thereof were admissible.
Appellant left the fruits of his illegal purchases and burglaries on the property of another. When the police requested that other for permission to enter the trailer, such permission was granted. The lesson of Moore v. Wainwright, 248 So.2d 262 (Fla.App. 1971); Gore v. State, 237 So.2d 243 (Fla.App. 1970); Mims v. State, 192 So.2d 62 (Fla.App. 1966); State v. Dees, 280 So.2d 51 (Fla.App. 1973), cert. denied, Fla., 291 So.2d 195, and United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242, is that a warrantless search and seizure of property located on or in the premises of another who has the sole or joint right to exercise control of such premises is valid when such other person gives his consent to the search of the premises.
*578 Accordingly, we hold that the trial court correctly denied the motion to suppress and the judgment of conviction is
Affirmed.
JOHNSON, J., concurs.
BOYER, J., dissents.
BOYER, Judge (dissenting).
I concur in all respects with the majority opinion except as to the search of the U-Haul trailer. In my opinion the cases relied upon in the majority opinion do not validate the admission in evidence of the fruits of the warrantless search of that trailer under the circumstances reflected by the evidence and recited in the majority opinion.
I would therefore reverse.