PER CURIAM.
We affirm appellant’s conviction of armed burglary of a dwelling. Along with three others, appellant forced his way into an apartment and robbed its occupants at gunpoint.
We find no error in the admission of the female victim’s testimony that during the burglary appellant held a gun to her head and ordered her to take her clothes off, causing her to fear that she was going to be raped. This evidence was “inextricably intertwined with the acts in issue and showed the general context in which the crime occurred.” Sapp v. State, 913 So.2d 1220, 1226 (Fla. 4th DCA 2005); see Dorsett v. State, 944 So.2d 1207, 1211 (Fla. 3d DCA Dec.20, 2006).
On the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) issue, Officer Mills’s testimony and the corroborative evidence in the record supports the trial court’s conclusion that the warnings given met constitutional requirements. See Lewis v. State, 296 So.2d 575, 577 (Fla. 1st DCA 1974) (finding sufficient evidence that appellant was adequately warned when officer testified that (1) he had given the warnings to defendant from a Miranda card and (2) he read all the warnings contained on the card); compare Long v. State, 231 So.2d 33, 34 (Fla. 3d DCA 1970) (holding that Miranda requirements were not met where police officer testified that he overheard another officer, who did not take the witness stand, advise the appellant of his Miranda rights. The “testifying officer stated that Miranda rights were read from a ‘Miranda card,’ but the actual card itself was not produced in court nor was it read into the record.”). Moreover, the trial court rejected the Defendant’s testimony that he did not understand the meaning of the warnings read to him. See Duffey v. State, 741 So.2d 1192, 1195 (Fla. 4th DCA 1999).
The final point we address concerns one aspect of the testimony of victim Patrick Drummonds. Drummonds had known appellant for many years and testified that they were “best friends.” Drum-monds testified that he knew that appellant owned a gun. Even if error, we find the admission of this testimony to be harmless.

Affirmed.

WARNER, GROSS and TAYLOR, JJ., concur.